**STATE of Maine**

**v.**

**Richard GALLANT.**

Supreme Judicial Court of Maine.

Argued Sept. 2, 1987.

Decided Oct. 9, 1987.

William R. Anderson (orally), Dist. Atty., Geoffrey Rushlau, Asst. Dist. Atty., Bath, for plaintiff.

Daniel S. Knight (orally), Jura A. Burdinik, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Richard Gallant appeals from his conviction in Superior Court, Sagadahoc County, of unlawful trafficking in a scheduled drug, 17-A M.R.S.A. § 1103 (1983).[1] Gallant argues that the court erred in denying his motion to suppress the fruits of a police search based on a search warrant issued without probable cause in violation of the fourth amendment to the United States Constitution. We affirm, holding that the search warrant was properly issued under the "totality of the circumstances" test. *See State v. Knowlton,* 489 A.2d 529 (Me. 1985) (citing *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).

Gallant's home in Bath was searched twice as the result of search warrants issued in May and December, 1985. The affidavit of Officer Peter Lizanecz of the Bath Police Department submitted with his application for the December warrant would support the following findings: Gallant had a prior conviction for drug trafficking in 1979. From April 12, 1985 to May 24, 1985, Lizanecz and Detective Donald Marsh watched Gallant's home, at 13 Huse Street, for a total of 46 hours. During this time, the officers observed over 100 people enter and leave the defendant's residence, staying an average of less than ten minutes. In addition, the officers spoke with several unrelated confidential informants of undetermined reliability who provided them with information concerning Gallant's drug-related activities. The officers also ascertained that numerous telephone calls were made from defendant's listed number to a known drug trafficker. On May 24, 1985, Lizanecz obtained a warrant to search Gallant's home. The officers executed the warrant later that day

---

1. Gallant entered a conditional guilty plea pursuant to M.R.Crim.P. 11(a)(2). Under Rule 11, if he succeeds in this appeal, Gallant will be allowed to withdraw his plea.

and evidence then seized led to an indictment against the defendant.[2]

On December 6, 1985, Officer Lizanecz spoke with Deputy Sheriff Edward Sawyer, who was working in an undercover capacity for the City of Bath. Sawyer told the officer that on December 5, 1985 he had asked David Powers (whom Sawyer believed did not know that he was a police officer) if he had any cocaine. Powers took him to a residence that Sawyer recognized as Gallant's. Powers entered the residence and returned approximately five minutes later with a plastic baggie containing approximately one-quarter gram of white powder, later determined to be cocaine. On December 11, 1985, Sawyer told Lizanecz that on December 10, he and Powers had returned to the Gallant residence to purchase cocaine. Powers entered the residence and returned a few minutes later stating "he's out but he said he might be getting some in tomorrow."

On December 17, 1985, Lizanecz obtained and executed the second search warrant that resulted in the seizure of additional contraband, which is challenged on this appeal. Gallant contends that the buy on December 5 was not reliable because it was "uncontrolled" and that the passage of twelve days before the officers requested a warrant rendered the information stale and inadequate to support the issuance of the search warrant. Moreover, he argues, the detailed seven-month old investigation that led to the issuance of the first warrant was stale information which could not be used to support the issuance of the second warrant.

■ In reviewing the magistrate's action, we do not make a *de novo* determination. Rather, we limit our inquiry to the question of whether there was a "substantial basis" for the magistrate's finding of prob-

able cause. *State v. Marquis*, 525 A.2d 1041, 1043 (Me.1987). The magistrate's finding of probable cause is to be made upon "the factual and practical considerations of every day life on which reasonable and prudent men, not legal technicians act." *Knowlton*, 489 A.2d at 531 (quoting *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). Furthermore, we read the affidavit "with all reasonable inferences that may be drawn to support the magistrate's determination." *Id.* at 532.

■ In this case, facts available to the magistrate included the following: Gallant had a prior conviction for trafficking in scheduled drugs; drugs were found at his residence after detailed investigation led to the issuance of a search warrant in May, 1985; Powers purchased cocaine at the residence on December 5, 1985; and Powers stated on December 10, 1985 that although the seller was out, he would have drugs the next day. In view of the ongoing nature of the defendant's illegal activity, we find that there is substantial basis for the complaint justice reasonably to infer that there was a fair probability that Gallant continued to reside at 13 Huse Street and that contraband would be found at his residence on December 17.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** On June 17, 1986, the defendant pleaded guilty to the resulting charges of unlawful trafficking.

Gallant has not appealed these convictions.