**STATE of Maine**

v.

**Thomas F. KNOWLTON and Debbie Knowlton.**

Supreme Judicial Court of Maine.

Argued Jan. 10, 1985.

Decided March 26, 1985.

**530**

Janet T. Mills, Dist. Atty. (orally), Auburn, for plaintiff.

Marshall, Raymond, Beliveau, Dionne & Bonneau, Paul Dionne (orally), Lewiston, for Thomas F. Knowlton.

Linnell, Choate & Webber, Robert Mullen (orally), Auburn, for Debbie Knowlton.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, and SCOLNIK, JJ.

McKUSICK, Chief Justice.

Based on the tip of a confidential informant and on a "controlled buy" conducted by the informant on December 19, 1983, the police on the same day obtained a search warrant and carried out a search of the New Auburn apartment of defendants Thomas F. Knowlton and Debbie Knowlton. The seizure of certain evidence in the course of that search led to the indictment of defendants on charges of trafficking in scheduled drugs (Class B), 17–A M.R.S.A. § 1103 (1983); of furnishing scheduled drugs (Class D), 17–A M.R.S.A. § 1106 (1983); and of furnishing imitation sched-

uled drugs (Class E), 17–A M.R.S.A. § 1116 (1983). The State brings this appeal from an order of the Superior Court (Androscoggin County) granting defendants' motions to suppress the fruits of the police search, on the ground that it was based on an invalid search warrant. We reverse, holding that the search warrant was properly issued under the "totality of the circumstances" test of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Detective Delano of the Auburn police department on December 19, 1983, requested a search warrant from a complaint justice for Androscoggin County, supporting that request with his affidavit setting out the basic facts of the case as follows:

A confidential informant informed this department that he knew there was a lot of drug dealing going on at the above location. The confidential informant stated that he was in the apartment on Thanksgiving Day. At that time, Tom Knowlton took him up to the bedroom and they used some cocaine. He also stated that he has been in the apartment when people come to the door and buy cocaine from Tom and his wife. He has bought cocaine from Tom. The drugs are usually kept in Tom's bedroom.

On December 19, 1983, the confidential informant agreed to make a buy at the above location. I checked the confidential informant to insure that he wasn't carrying any drugs on his person. I then gave him a twenty and a ten in United States Currency to make the purchase. I dropped the informant off on Broad St. so he could walk to the location. Detective Warner walked into the woods. Det. Warner stated that he saw the confidential informant come out of the house and walk towards town on Broad St. I picked up the confidential [informant] on Broad St. and he handed me a small packet which contained white powder. He stated that the purchase was made from Tom's wife as he was out Christmas shopping. She had to go upstairs when he wanted to buy the cocaine. She

came down with the cocaine. The white powder tested a positive when tested by a field test as cocaine.

This is the first time that the informant has been used by this department but checking with Lower Township Police Department N.J. they state that they have used this informant before and he is very reliable.

The complaint justice issued the requested search warrant and the police executed the warrant later that very day.

Mr. and Mrs. Knowlton thereafter moved to suppress the fruits of the search as evidence illegally obtained under an invalid warrant. They based their motions on an assertion that Detective Delano's affidavit neither alleged substantive facts sufficient to support a finding of probable cause, nor adequately established the reliability of the confidential informant. The Superior Court on June 14, 1984, granted the motion to suppress, holding that the substantive facts as stated in the affidavit were sufficient, assuming the informant was reliable, to justify issuing a warrant, but that the affidavit failed to establish the reliability of the informant to a probability.

In *Illinois v. Gates,* 462 U.S. at 230, 103 S.Ct. at 2327–2328, 76 L.Ed.2d at 543, the United States Supreme Court held "that an informant's 'veracity,' 'reliability,' and 'basis of knowledge' are all highly relevant in determining the value of his report." The Court went on to say, however, that those

> elements should [not] be understood as entirely separate and independent requirements to be rigidly exacted in every case.... Rather, as detailed below, they should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is "probable cause" to believe that contraband or evidence is located in a particular place.

In *Massachusetts v. Upton,* —— U.S. ——, ——, 104 S.Ct. 2085, 2085, 80 L.Ed.2d 721, 724 (1984) (per curiam), the Court reaffirmed "that the Fourth Amendment's requirement of probable cause for the issuance of a warrant is to be applied, not according to a fixed and rigid formula, but rather in the light of the 'totality of the circumstances' made known to the magistrate." *Upton* made absolutely clear that *Gates* completely abolished the two-prong test of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). *Upton* was also emphatic that a reviewing court is not to make a *de novo* determination of probable cause, but rather must accord deference to the magistrate's decision and must limit its inquiry to the question whether there was a "substantial basis" for the magistrate's single required finding of probable cause.

The suppression justice in the case at bar failed to take *Gates* adequately into account in reviewing the validity of the warrant to search defendants' apartment. The justice viewed *Gates* as having merely relaxed the old two-prong test in favor of a more flexible approach, and so proceeded to look separately at the affidavit's showing of the informant's "basis of knowledge" and at the affidavit's showing of the reliability of that informant. The suppression justice found that the affidavit failed the second prong involving the informant's reliability because the affiant did not explicitly provide every detail of the police supervision of the controlled buy, and because the information collected from the New Jersey police department was too conclusory, standing alone, to establish reliability.

■ The Superior Court's approach gave exactly the kind of grudging reading to the affidavit that *Gates* and *Upton* condemned. Under the totality of the circumstances test, the magistrate's probable cause finding is made upon "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). On review, an affidavit is therefore to be read

with all reasonable inferences that may be drawn to support the magistrate's determination. The Superior Court erred by continuing to apply the two-prong analysis rejected in *Gates*, and in particular by requiring a separate showing to a probability of the reliability of the informant. The court below

> also erred in failing to grant any deference to the decision of the magistrate to issue a warrant. Instead of merely deciding whether the evidence viewed as a whole provided a "substantial basis" for the magistrate's finding of probable cause, the court conducted a de novo probable cause determination. We rejected just such after-the-fact, de novo scrutiny in Gates. "A grudging or negative attitude by reviewing courts toward warrants," *United States v. Ventresca*, 380 U.S. 102 [85 S.Ct. 741, 13 L.Ed.2d 684] (1965), is inconsistent both with the desire to encourage use of the warrant process by police officers and with the recognition that once a warrant has been obtained, intrusion upon interests protected by the Fourth Amendment is less severe than otherwise may be the case. A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant.

*Massachusetts v. Upton*, —— U.S. at ——, 104 S.Ct. at 2088, 80 L.Ed.2d at 727 (citations omitted).

Applying the *Gates* test to Detective Delano's affidavit, it is apparent that that document provides the required substantial basis for the complaint justice's finding of probable cause. No single fact or piece of evidence in the affidavit is by itself conclusive, but when viewed together, all of its averments present a consistent picture providing a "substantial basis" justifying the complaint justice in deciding that there was "a fair probability that contraband or evidence of crime" would be found at defendants' apartment. *Gates*, 462 U.S. at 237–

239, 103 S.Ct. at 2331–2332, 76 L.Ed.2d at 548.

The informant's reliability is not, under the *Gates* test, to be considered as an element separate and apart from the general inquiry whether the affidavit as a whole establishes a sufficient basis for the complaint justice to find probable cause. The informant specified Thanksgiving as the date when he was at defendants' apartment, and he provided specific information about sales of drugs and the place in the apartment where the drugs were kept. His purchase of drugs at defendants' apartment only hours earlier, conducted under substantial police surveillance, his willingness to turn those drugs over to the police,[1] and the statement of the Lower Township, New Jersey, police that they had had occasion to use the informant in the past and that they had found him to be very reliable, all combine to provide a substantial basis for the magistrate's decision to issue a warrant.

Although the affidavit fails to describe in explicit detail the police surveillance of the informant during the controlled buy, it is completely consistent with the proposition, and seems to suggest, that Detective Warner observed from the woods all of the informant's activities as he approached, entered, and left defendants' residence in the course of the controlled buy. The affidavit can be read fairly to show substantial police confirmation that the informant did engage in a drug transaction at defendants' apartment. While a restrictive, hypertechnical reading of the affidavit might lead the reader to quibble over whether the facts expressly stated establish probable cause, a court must not employ any such negative approach in reviewing such an affidavit. Quite to the contrary, in keeping with the deference to be accorded the decision of a neutral magistrate to issue a search warrant, the affida-

---

**1.** Actions by an informant against his penal interest "may justify an affiant's reasonable belief of credibility of the informant's story," and therefore also serve to corroborate and reinforce the underlying factual assertions. *State v. Appleton*, 297 A.2d 363, 369 (Me.1972).

vit should be read *positively*, to determine whether it can fairly be read to support the complaint justice's action. The reviewing court must give effect to the requirement of the United States Supreme Court, as expressed in *Gates*, 462 U.S. at 239–240, 103 S.Ct. at 2332–2333, 76 L.Ed.2d at 549, that the magistrate be freer than under the regime of *Aguilar* and *Spinelli* to draw such reasonable inferences as he will from the material supplied to him by applicants for a warrant, or to refuse to draw them if he is so minded.

The totality of the circumstances submitted to the complaint justice in this case provided a substantial basis for his action in issuing a warrant to search defendants' apartment. Since that is all that is necessary to sustain the validity of the warrant, we hold that the search made pursuant thereto did not, as defendants contend, violate their fourth amendment rights. The Superior Court erred in suppressing the evidence seized in that search.

The entry is:

Order granting defendants' motions to suppress evidence vacated; case remanded for entry of order denying defendants' motions to suppress.

All concurring.