**STATE of Maine**

v.

**Duane MARQUIS.**

Supreme Judicial Court of Maine.

Argued Jan. 16, 1987.

Decided May 21, 1987.

David W. Crook, Dist. Atty., William Baghdoyan (orally), Asst. Dist. Atty., Skowhegan, for plaintiff.

Ernest W. Hilton (orally), Madison, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The State appeals from an interlocutory order of the Superior Court, Somerset County, suppressing evidence obtained from the residence of Duane Marquis upon the execution of a search warrant issued by the District Court, Skowhegan. Marquis had been indicted for theft by unauthorized taking or transfer, 17-A M.R.S.A. § 353 (1983). Although we do not address the issue posed by the State, we agree that it was error to grant the defendant's motion to suppress. Accordingly, we vacate the suppression order.

Bruce E. Bristow, a detective with the Somerset County Sheriff's Department, sought a search warrant for the defendant's apartment in Hartland based upon the

following facts as set forth in his affidavit. In November of 1985, Bristow was contacted by Gordon Woodman, a representative of the Irving Tanning Company, who had been given the names of two persons reported to have been taking hides from that business. Woodman is given the title "Sgt." in the affidavit without further explanation. Woodman informed Bristow that periodic inventories had revealed a loss of hides from the company premises. Woodman contacted one of the persons suspected of stealing hides, Darien L. Hayden, an employee of the same company, and ascertained that Hayden was willing to give Bristow a written statement regarding his knowledge of the alleged thefts.

The next day Bristow met Woodman and Hayden and, after advising Hayden of his *Miranda* rights, obtained Hayden's written statement detailing his theft of hides and other articles from Hayden's employer, Irving. Hayden's statement also alleged that, as recently as the preceding day, Hayden had seen a large quantity of hides of various colors stored in a room in Marquis' apartment. Hayden stated that he was acquainted with Marquis, who was also an employee of Irving. Hayden further stated that he lived in the downstairs apartment of a two-apartment house, in which Marquis occupied the upstairs apartment, and that he frequently rode to work with Marquis. The same day, Bristow obtained a search warrant for Marquis' residence from the District Court. A search of the apartment revealed 119 hides of leather of various sizes and colors.

Marquis moved to suppress the evidence obtained by execution of the search warrant on the ground that Bristow's affidavit failed to establish probable cause as required by the United States and Maine Constitutions. Marquis filed two memoranda in support of his motion. The State failed to respond. The motion was heard after a jury had been chosen and released unsworn until the next morning. At the suppression hearing the parties confined the issue to the sufficiency of the affidavit and the court took the matter under advisement. When the court announced the next day that the defendant's motion was granted, the prosecutor requested an opportunity to present testimony on the question whether Bristow acted in good faith, relying on *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).[1] The court refused the State's request.

On appeal the State has chosen not to challenge the Superior Court's ruling on the lack of probable cause. Instead the State contends that the court erred in refusing to allow the State to present evidence of good faith reliance upon the magistrate's finding of probable cause,[2] and the State asserts that

> [i]t is this refusal to allow evidence upon and consideration of the "good faith" issue that is the sole basis of the State's appeal, this narrow issue being the one certified for appeal by the Attorney General.

We are unaware of any statute authorizing the Attorney General to limit the scope of our review. *See* 15 M.R.S.A. § 2115–A(5) (1980 & Supp.1986). This appeal brings before us the entire Superior Court record and presents any question properly preserved below. As we have stated, the sufficiency of the affidavit to establish proba-

---

**1.** In *Leon*, the United States Supreme Court enunciated a limited exception to the exclusionary rule under the fourth amendment of the United States Constitution, made applicable to state action through the fourteenth amendment. The Court in *Leon* held that evidence obtained by officers acting in reasonable good faith reliance on a facially valid search warrant that was issued by a detached and neutral magistrate, but ultimately found to be invalid, should not be barred from use in the prosecution's case-in-chief. *See id.,* 468 U.S. at 913–925, 104 S.Ct. at 3415–3421. The issue the State seeks to have us decide is whether the *Leon* exception should be applied in this state, or whether the Maine Constitution's equivalent of the fourth amendment, article I, section 5, separately mandates that evidence seized in violation of its provisions be excluded.

**2.** The State's position in this appeal is somewhat anomalous. In its initial brief the State argues that we reject any state exclusionary rule. In its reply brief the State contends that the issue has not been preserved for appellate review because Marquis never urged the Superior Court to adopt a state exclusionary rule.

ble cause was the primary issue briefed and argued before the Superior Court.

We have previously declined to address the question of a separate exclusionary sanction for violation of the search and seizure provisions of the Maine Constitution. *See, e.g., State v. Thornton,* 485 A.2d 952 (Me.1984). In accordance with a prudent development of our own constitutional principles, our practice has been to review the record first to ascertain whether a violation has occurred. *See, e.g., State v. Patten,* 457 A.2d 806, 811 (Me.1983); *State v. Bouchles,* 457 A.2d 798, 801 n. 4 (Me.1983). We conclude that the search warrant in this case was properly issued under the "totality of the circumstances" test of *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and consequently there was no violation of any constitutional search and seizure provision. It is therefore unnecessary to decide the issue whether there is a separate exclusionary rule under article I, section 5 of the Maine Constitution.

Under the totality of the circumstances test, the magistrate's finding of probable cause is to be made upon " 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' " *State v. Knowlton,* 489 A.2d 529, 531 (Me.1985), quoting *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). Our review of the affidavit includes all reasonable inferences that may be drawn in support of the magistrate's determination. *Id.,* 489 A.2d at 531–32. In reviewing a magistrate's finding of probable cause, the Superior Court should not engage in de novo review. Rather, review must be limited to ascertaining whether there was a "substantial basis" for the magistrate's finding of probable cause. The suppression justice here failed sufficiently to defer to that probable cause determination. *See Massachusetts v. Upton,* 466 U.S. 727, 732–33, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984); *see also Knowlton,* 489 A.2d at 532.

Marquis argues that the magistrate had an insufficient basis for giving credence to the hearsay evidence presented in the affidavit. We disagree. Gordon Woodman, although referred to as "sergeant," is also identified as a representative of the tannery, providing a sufficient basis for the magistrate's reliance upon his statement to Bristow. The statements of Hayden, the employee, are against his own penal interest, and the magistrate could have reasonably relied upon the information that Hayden furnished to Bristow. *See, e.g., United States v. Harris,* 403 U.S. 573, 583, 91 S.Ct. 2075, 2081, 29 L.Ed.2d 723 (1971); 1 W. LaFave, *Search and Seizure—A Treatise on the Fourth Amendment* § 3.3(c) at 643–59 (2d ed. 1987). Hayden's allegation that a large number of hides were stored in a room in the apartment of an employee of a tannery that has experienced a consistent loss of hides from the company premises warrants a reasonable belief on behalf of the magistrate that a search of Marquis' apartment would disclose some stolen hides.

The entry is:

Suppression order vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.