**STATE of Maine**

v.

**Craig MORSE.**

Supreme Judicial Court of Maine.

Argued Sept. 7, 1989.

Decided Sept. 18, 1989.

David W. Crook, Dist. Atty., William Baghdoyan, Asst. Dist. Atty., Skowhegan, Stephen Dassatti (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Glen L. Porter (orally), Eaton, Peabody, Bradford & Veague, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

The issue in this case is whether the State can seize, pursuant to a warrant issued some six months after the event in question, a tractor-trailer unit suspected of being involved in the crime of vehicular manslaughter. 17-A M.R.S.A. § 203 (1983 & Supp.1988). The Superior Court (Somerset County, *Browne, J.*) concluded that probable cause did not exist and granted the defendant's motion to suppress. The State has appealed. Concluding that the complaint justice who issued the warrant had sufficient probable cause before him in the affidavit, we vacate and remand with instructions to deny the motion.

The complaint justice had the following facts before him by affidavit. Michael Massow was killed by a large log that penetrated the windshield of his truck near the intersection of Route 201 and Varney Road in Skowhegan. Investigators subsequently matched the broken off log and other nearby debris to a load of logs on a

tractor-trailer unit owned and operated by the defendant. The accident occurred on a snowy evening after dark, January 5, 1988. Authorities obtained a search warrant the next day and determined that the defendant's vehicle was 52.2 percent over its legal allowable weight; its load was more than eight feet over the maximum legal length; the front brakes were inoperative; there was no red light or reflector placed at the end of the overhanging logs as statutorily required; the load of logs extended past the front of the trailer toward the rear of the cab and may have interfered with the turning radius of the truck; and three broken-off logs matched the ends of three logs found at the crash scene, including the log that killed Massow. On January 7, 1988, the unit was released to the defendant. Subsequently an eyewitness was discovered and the State engaged an accident reconstructionist. The purpose for seeking the new warrant in June was to seize the unit once again in order to reconstruct the accident. The affidavit recited the new eyewitness's testimony and the accident reconstructionist's statement that "if the truck operated by Mr. Morse can be brought to the scene and re-loaded to the same dimensions as existed on the night of the accident," "it should be possible to reconstruct the accident and to physically re-enact the scene."

As a result of the affidavit, the complaint justice issued the warrant, the unit was seized, the accident was re-enacted and the unit was returned. The defendant brought a motion to suppress the resulting evidence. The Superior Court granted the motion concluding:

> Despite the Plaintiff's insistence that only the Defendant's truck would do, this Court decides otherwise. The re-seizure of the Defendant's truck, as opposed to the use of any other 1987 Peterbilt, with a like trailer is not justified. It was not the truck or its specific condition which was the alleged cause of the accident but rather the size, type and condition of the specific load carried at the time of the accident which was important. Whether

or not that load could be duplicated is not raised here, but certainly the seizure of this truck for that purpose some six months after the accident is not the proper subject for a search warrant under the circumstances of this case.

 A warrant may be issued to seize property that has been used to commit a criminal offense—an instrumentality of the crime, as it is often called—and property that consists of nontestimonial evidence that will aid in a particular apprehension or conviction. *State v. Stone*, 294 A.2d 683, 691 & n. 12 (Me.1972). The affidavit before the complaint justice in this case clearly furnished probable cause to believe that the tractor-trailer unit was an instrumentality of the alleged crime: three broken logs on the unit when it was seized in January matched the ends of three pieces of broken log impaled in the victim's truck. The fact that the unit had since been unloaded did not change its character as an instrumentality. Moreover, the affidavit established that the truck was non-testimonial evidence that would aid the State's case. It stated that "the truck operated by Mr. Morse" was required for the accident reconstruction. There was no intimation in the affidavit that a unit of a similar model and year number would suffice. Since the Superior Court does not engage in a de novo determination of probable cause, but limits its inquiry to whether there was a substantial basis for the complaint justice's conclusion, *see State v. Lutz*, 553 A.2d 657, 659 (Me.1989), it was not entitled to conclude that another unit would have done just as well.

 Contrary to the defendant's argument, there is no issue of staleness here. This is not a warrant to search for something located in the vehicle where the passage of time would dilute the likelihood that the vehicle contained it; instead, this was a warrant to seize the very unit in question. The fact that the load is gone does not affect that conclusion. The whole purpose of the seizure was to reconstruct the load and thus the accident.

We conclude that the affidavit supported the issuance of the warrant to seize the unit. We therefore vacate the Superior Court's order granting the motion to suppress.

The entry is:

Order granting motion to suppress vacated; the matter is remanded for entry of an order denying the motion.

All concurring.