STATE of Maine

v.

George B. HALEY.

Supreme Judicial Court of Maine.

Submitted on Briefs March 7, 1990.

Decided March 16, 1990.

William R. Anderson, Dist. Atty., David M. Spencer, Asst. Dist. Atty., Wiscasset, for the State.

Liisa V. Hamilton, Boothbay Harbor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

In this interlocutory appeal by the State in the prosecution of George Berton Haley for trafficking in marijuana, we vacate the order of the Superior Court (Lincoln County, *Bradford, J.*) suppressing the evidentiary fruits of a search of defendant's trailer home in Jefferson made by the police under the authority of a search warrant. The Superior Court declared that the affidavit presented to the magistrate who issued the search warrant[1] was "insufficient to support a finding of probable cause because it is comprised entirely of information supplied to the police by the informant, yet shows no basis for the reliability of the informant." On our own independent review of the affidavit, we find the Superior Court's conclusion to be in error. In view of the totality of the circumstances described therein, the affidavit amply provided the magistrate with the "substantial basis" required for his finding of probable cause for the search of Haley's home.

Several times in recent years we have stated the rules of law that control our decision on the validity of the Haley search warrant. *See, e.g., State v. Lutz,* 553 A.2d 657 (Me.1989); *State v. Marquis,* 525 A.2d 1041 (Me.1987); *State v. Knowlton,* 489 A.2d 529 (Me.1985). Neither our review of the adequacy of the affidavit nor the review by the suppression justice is a *de novo* determination. *See Marquis,* 525 A.2d at 1043. Both the justice and we owe deference to the magistrate's probable cause finding; we both are required to read the affidavit "with all reasonable inferences that may be drawn to support the magistrate's determination." *Knowlton,* 489 A.2d at 532. And in our review we are not to give a "grudging reading" to the affidavit. *Id.* at 531. The Law Court directly reviews the magistrate's finding of probable cause and in that review "must limit its inquiry to the question of whether there was a 'substantial basis' for the magistrate's single required finding of probable cause." *Lutz,* 553 A.2d at 659 (quoting *Knowlton,* 489 A.2d at 531). The magistrate in making his decision is entitled to apply a "totality of the circumstances" test under which he looks at "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Knowlton,* 489 A.2d at 531 (quoting *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949)).

We have also made clear the place that evidence of an informant's reliability, or the absence of such evidence, plays in the magistrate's determination. "The informant's reliability is not ... to be considered as an element separate and apart from the general inquiry whether the affidavit as a whole establishes a sufficient basis for the [magistrate] to find probable cause." *Knowlton,* 489 A.2d at 532. In the case at bar the totality of the circum-

---

1. The magistrate who issued the Haley search warrant was a justice of the peace, whose judicial office was created by P.L.1987, ch. 736, §§ 3, 20, to take over the prior functions of complaint justices. Although their appointment is controlled by the same constitutional provision (Me. Const. art. V, pt. 1, § 8) as the histori-cal justices of the peace whose office was effectively repealed by P.L.1981, ch. 456, pt. A, the present-day justices of the peace perform substantially different functions from those of the former judicial officers carrying the same name. *See* 4 M.R.S.A. § 161 (1989); 15 M.R.S.A. § 55 (Supp.1989); M.R.Crim.P. 41(a).

stances described to the magistrate by the affidavit clearly established the required substantial basis for his issuance of a warrant to search defendant Haley's trailer home. The affidavit set forth the circumstances of two police-controlled purchases of illegal drugs at the Haley premises by a person identified in the affidavit only as "a confidential informant." Neither the name nor the gender of the informant was given, and the affidavit contained no independent evidence vouching for the informant's reliability. The absence of any such independent evidence, however, is irrelevant in the factual context of this case; the finding of probable cause rests on other persuasive averments in the affidavit.

Without needing to rely on the veracity of the unidentified informant who made the buys, the magistrate could find in the affidavit fully sufficient grounds for believing that two illegal drug sales had occurred at the Haley trailer home within the space of nine days in March and April 1989. The affidavit described in detail how the police searched the unidentified informant for drugs before sending the informant into the Haley home, how the police maintained electronic surveillance at all times from when the informant left the company of the police officers down the road from the Haley home until the informant returned to the waiting officers with illegal drugs, as well as visual surveillance of most of the going and coming for the second occasion, and how the police both times overheard conversations lasting several minutes between the informant and a male person in the Haley home arranging the drug purchases. Evidence (such as that in *Knowlton*) that another police department had found the informant reliable would have added little or nothing to the persuasiveness of what the police observed and heard with their own senses. The magistrate was entirely justified in issuing the warrant to search the Haley home for illegal drugs and other materials related to drug trafficking.

The entry is:

Order granting defendant's motion to suppress evidence vacated; case remanded for entry of order denying defendant's motion to suppress.

All concurring.