**STATE of Maine**

v.

**Jeffrey P. PERRIGO.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 2, 1994.
Decided April 25, 1994.

Geoffrey Rushlau, Dist. Atty., James E. Diehl, Leane Zainea, Asst. Dist. Attys., Belfast, for State.

Samuel Nesbitt, Law Offices of John E. Harrington, Jr., Winterport, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS,* RUDMAN and DANA, JJ.

CLIFFORD, Justice.

The State appeals from an order of the District Court (Belfast, *Staples, J.*) suppressing the fruits of a search warrant executed at the Searsport home of defendant Jeffrey P. Perrigo, who stands accused in this proceeding of two counts of unlawfully furnishing scheduled drugs, 17–A M.R.S.A. § 1106 (1983 & Supp.1993). Because we agree with the State's contention that the District Court applied the wrong standard in its review of the magistrate's determination that probable cause existed to search the Perrigo residence, we vacate the District Court's order.

On April 25, 1993, the Searsport Police Department obtained the search warrant that is at issue in this appeal from a justice of the peace. In support of the request, police officer Robert Mills presented an affidavit stating that his basis for probable cause was information received from a sixteen-year-old girl, a friend of one of Perrigo's neighbors at the Mariner Woods apartment complex. According to the affidavit, the sixteen-year-old told the police that she and a friend were visiting a third friend, a neighbor of Perrigo, at the Mariner Woods complex on April 19 when Perrigo's neighbor asked them if they wanted to "smoke a bowl." The two visitors accepted this offer, whereupon Perrigo's neighbor left the apartment and returned with a "small baggie" of marijuana that she stated she had obtained from Perrigo. The three friends then smoked the marijuana.

The affidavit further recites that she told the police that five days later, she was again at the home of Perrigo's neighbor when the two of them went to Perrigo's apartment and there observed marijuana and a marijuana pipe on a table in the living room. She told the police that Perrigo gave the neighbor two pink pills, which the neighbor took, but that she refused a similar offer from Perrigo. The affidavit further notes that she next saw Perrigo fill a pipe with marijuana and begin smoking it with the neighbor. She told the police that she refused the marijuana when it was offered to her. After Perrigo went into another room, returned with still more marijuana, and resumed smoking with the neighbor, she left the apartment.

Having obtained a search warrant to search Perrigo's home based on the information described above, the police entered the Perrigo apartment and recovered some pills, various items of drug paraphernalia, equipment associated with the indoor growing of plants, and some marijuana "roaches" and "stems." Also recovered were six firearms. Two complaints for unlawful furnishing of a Schedule Z drug issued in the District Court, one involving marijuana and the other involving the drug Sinequan, also known as Doxepin HCl.

Perrigo moved to suppress the fruits of the search. Following a hearing, the District Court granted the motion. On Perrigo's request for a jury trial, the case was transferred to the Superior Court (Waldo County). Pursuant to M.R.Crim.P. 37B and 15 M.R.S.A. § 2115–A (1980 & Supp.1993), and with the required approval of the Attorney General, the State instituted this interlocutory appeal on the basis that the District

---

* Collins, J. participated in the initial conference but retired before this opinion was adopted.

Court erred in granting Perrigo's motion to suppress.

 When the State appeals a trial court's decision to suppress the fruits of a search warrant, we review directly the finding of the magistrate who issued the warrant that probable cause existed. *State v. Ward,* 624 A.2d 485, 487 (Me.1993); *State v. Haley,* 571 A.2d 831, 832 (Me.1990); M.R.Crim.P. 41. Our review is not *de novo,* but is limited to a determination of whether there was a substantial basis for the finding of probable cause. *State v. Diamond,* 628 A.2d 1032, 1033 (Me.1993). This is a very deferential standard of review; in the "totality of the circumstances," with all "reasonable inferences that may be drawn to support the issuance of the warrant," we examine the affidavit submitted to the magistrate *"positively* to determine whether it can fairly be read to support the complaint justice's action."[1] *Ward,* 624 A.2d at 486–87 (citations omitted, emphasis in original).

 Perrigo's contention is that the sixteen-year-old girl was so unreliable as an informant that the uncorroborated assertions were an insufficient basis for a finding of probable cause. The State points to what it considers to be indicia of the sixteen-year-old's reliability as an informant: her status as a disinterested "citizen informant," as distinguished from a "confidential informant" who discloses information to the authorities in hopes of lessening his or her own exposure to criminal sanctions, and the fact that she voluntarily admitted to having smoked marijuana herself, a sort of declaration against her penal interest.

 An informant's reliability is not to be considered "an element separate and apart from the general inquiry whether the affidavit as a whole establishes a sufficient basis" for the warrant. *State v. Knowlton,* 489 A.2d 529, 532 (Me.1985). Corroboration enhances the credibility of information from informants that is presented in a search war-

rant, *see, e.g., Illinois v. Gates,* 462 U.S. 213, 244–45, 103 S.Ct. 2317, 2335, 76 L.Ed.2d 527 (1983) (corroboration "reduced the chances of a reckless or prevaricating tale"), but there is no rigid requirement that all assertions of an informant must be corroborated, as Perrigo urges; that would be inconsistent with the "totality of the circumstances" test.

Reading the affidavit positively, the magistrate had a substantial basis for a determination of probable cause. The sixteen-year-old's account is not improbable and, as an informant, she was not inherently unreliable. In viewing the totality of the circumstances in the appropriate deferential light, the magistrate's determination must be sustained. The District Court, therefore, improperly suppressed the fruits of the search.

The entry is:

Order vacated. Remanded to the Superior Court for entry of an order denying defendant's motion to suppress evidence.

All concurring.

1. The United States Supreme Court, in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), adopted the "totality of the circumstances" test for reviewing search warrants and subsequently indicated that, In so doing, it had repudiated the more formalistic and "hypertech-

nical" approach previously articulated in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). *See Massachusetts v. Upton,* 466 U.S. 727, 732, 104 S.Ct. 2085, 2087, 80 L.Ed.2d 721 (1984).