1998 ME 187

**STATE of Maine**

v.

**George CROWLEY.**

Supreme Judicial Court of Maine.

Argued April 6, 1998.

Decided July 27, 1998.

David W. Crook, District Attorney, Evert Fowle, Asst. Dist. Atty. (orally), Skowhegan, for the State.

John Alsop (orally), Alsop & Mohlar, Norridgewock, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ,* and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] The State appeals from an order of the Superior Court (Somerset County, *Alexander, J.*) suppressing evidence obtained during a search of defendant's home. The court found that the magistrate issued the warrant authorizing the search based on an affidavit that was unsupported by probable cause. The State argues on appeal that the court misapplied the totality of the circumstances test, that a substantial basis existed in support of the magistrate's finding of probable cause, and that the court erred in suppressing the evidence. We agree and vacate the judgment.

[¶ 2] The relevant facts may be summarized as follows: Defendant was indicted in 1997 for possession of firearm by felon (15 M.R.S.A. § 393 (1980 & Supp.1997) (Class C) (Count I)) and for aggravated trafficking in scheduled drugs (17–A M.R.S.A. § 1105

---

* Lipez, J. sat at oral argument and participated in the initial conference but resigned before the opinion was adopted.

(1983 & Supp.1997) (Class C) (Count II)). The indictment was based on evidence seized during a search of defendant's home. The search was conducted pursuant to a search warrant issued by a justice of the peace. It was based on information in an affidavit and request for a search warrant dated March 5, 1997, executed by Lieutenant Carl Gottardi of the Somerset County Sheriff's Department. In the affidavit, Lieutenant Gottardi asserted that probable cause existed to believe that the residence in question contained evidence of criminal conduct, including controlled drugs and other contraband. The facts set forth in the officer's affidavit included the following: (1) statements of a person charged with trafficking in marijuana to the effect that, until the latter part of 1996, he/she was involved in purchasing marijuana from Crowley; that Crowley would always go upstairs in his home to get the marijuana; and that his/her friend had been purchasing marijuana from Crowley on a steady basis until March 3, 1997; (2) Crowley's prior conviction in 1990 for possession of scheduled drugs involving sales of marijuana stored upstairs in his home; (3) statements of Deputy Randy Wing of the Somerset County Sheriff's Department that in December, 1996, he responded to a burglary at defendant's residence; that, when he arrived, defendant's son, and then later defendant's wife, would not let him inside the residence; and that the wife was extremely agitated that the deputy was at the residence; (4) statements of two confidential informants, identified by Officer Gottardi as reliable, that each had friends still purchasing marijuana from defendant at his residence until February 18, 1997.

 [¶ 3] When the State appeals from the Superior Court's order suppressing evidence, we "review directly the finding of the magistrate who issued the warrant that probable cause existed." *State v. Perrigo*, 640 A.2d 1074, 1076 (Me.1994) (citations omitted). In determining whether probable cause exists, the magistrate applies the "totality of the circumstances" test adopted in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *State v. Perrigo*, 640 A.2d at 1076. That test requires that the magistrate's probable cause finding be made upon "the factual and practical considerations

of everyday life on which reasonable and prudent men, not legal technicians, act." *State v. Lutz*, 553 A.2d 657, 659 (Me.1989) (citations omitted). It requires the issuing magistrate "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

 [¶ 4] A court must review the affidavit "with all reasonable inferences that may be drawn to support the magistrate's determination." *State v. Lutz*, 553 A.2d at 659. Further, courts must "not ... make a *de novo* determination of probable cause, but rather must accord deference to the magistrate's decision and must limit its inquiry to the question of whether there was a 'substantial basis' for the magistrate's single required finding of probable cause." *Id.* (citations omitted). Moreover, courts must give the affidavit a "positive reading" and not a "grudging reading." *State v. Ward*, 624 A.2d 485, 487 (Me.1993).

[¶ 5] We have stated since *Gates* that "whether past circumstances disclose a probable cause that is still continuing at the time of the request for a search warrant is not determined merely by the passage of time, but may also depend upon the circumstances of each case." *State v. Friel*, 508 A.2d 123, 127 (Me.1986) (citing *State v. Willey*, 363 A.2d 739, 742 (Me.1976)). For this reason, we have "refrained, therefore, from prescribing any *per se* rule fixing a specified period as a mandatory maximum time within which, to be valid, a search warrant must be sought after occurrence of the events relied upon to show probable cause; the approach is *ad hoc* in terms of the circumstances of each case...." *Willey*, 363 A.2d at 742. In this case, the challenged information from an informant that he had purchased marijuana until late 1996 was at least two months old at the time the affidavit was presented and the warrant issued on March 5, 1997. Under the

totality of the circumstances test, however, the stale information should be considered in conjunction with the affidavit as a whole and may be freshened by the other corroborating statements in the affidavit.

[¶ 6] We have also stated that probable cause may be based on an informant's statements. Under the totality of the circumstances test, "an informant's 'veracity,' 'reliability,' and 'basis of knowledge' are all highly relevant in determining the value of his report." *State v. Knowlton,* 489 A.2d 529, 531 (Me.1985) (quoting *Illinois v. Gates,* 462 U.S. at 230, 103 S.Ct. 2317 (1983)). Under this test, however,

> those elements should [not] be understood as entirely separate and independent requirements to be rigidly exacted in every case.... Rather ... they should be understood simply as closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is "probable cause" to believe that contraband or evidence is located in a particular place.

*Id.* For example, "[a]n informant's reliability is not to be considered 'an element separate and apart from the general inquiry whether the affidavit as a whole establishes a sufficient basis' for the warrant." *State v. Perrigo,* 640 A.2d at 1076. Moreover, "[c]orroboration enhances the credibility of information from informants that is presented in a search warrant, but there is no rigid requirement that all assertions of an informant must be corroborated ... [because] that would be inconsistent with the 'totality of the circumstances' test." *Id.* (citations omitted).

[¶ 7] The same rationale applies to an informant's basis of knowledge. Although we have stated that "conclusory statements without a recital of the underlying factual circumstances will not suffice," *State v. Willey,* 363 A.2d at 741, the basis of knowledge is no longer a separate and independent requirement but one that is closely intertwined with the other elements to illuminate the question of probable cause. *See Gates,* 462 U.S. at 239, 103 S.Ct. 2317 (beyond the bare bones affidavits of *Nathanson v. U.S.,* 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933) and *Aguilar v. State of Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) based on wholly conclusory statements, a more flexible, common-sense standard better serves the purposes of the probable cause requirement).

[¶ 8] Deferring to the magistrate's historical factual findings and considering the totality of the circumstances, we conclude that the potentially stale first-hand information, freshened by the corroborating conclusory statements, and the furtive behavior of the wife, taken as a whole, establish the necessary substantial basis for the magistrate's finding of probable cause. Accordingly, we vacate the Superior Court's order granting defendant's motion to suppress.

The entry is:

Order vacated. Remanded for entry of an order denying defendant's motion to suppress evidence.