MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 102
Docket:      Cum-16-371
Argued:      March 2, 2017
Decided:     May 23, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

GARY MARINER

SAUFLEY, C.J.

[¶1]  The State appeals from an order entered by the trial court (Cumberland County, *Wheeler, J.*) suppressing evidence seized from Gary Mariner, his vehicle, and his residence after the court determined that the warrant that authorized the search and the seizure of that evidence was not supported by probable cause.  We conclude that the warrant affidavit provided the necessary substantial basis for the warrant judge's finding of probable cause, and we vacate the suppression order.

## I.  BACKGROUND

[¶2]  On October 1, 2015, Portland police applied for a warrant to search Gary Mariner, his Lyman residence, and his 2010 Toyota Corolla for evidence

related to an alleged sexual assault that occurred two weeks before. The supporting affidavit alleged the following facts.

[¶3]  On September 19, 2015, a woman reported to police that she had been the victim of a sexual assault, perpetrated on the night of September 15, 2015.  On that night, the victim was working as a prostitute on Congress Street in Portland.  Sometime between 10:30 and 11:00 p.m., a car she described as a silver Toyota Corolla with a model year from 2002 to 2008 drove by her, and the male driver yelled "something at her about anal sex."  Around forty-five minutes later, the same vehicle, with the same driver, passed by again and picked up the victim on Boynton Street.

[¶4]  Once she was in the vehicle, the driver showed the victim a camouflage wallet containing a gold star-shaped police badge with the State of Maine seal and the words "Cape Elizabeth" and "Retired."  She described the male as "older, maybe 60 years of age, bad skin, a mustache, grayish / light colored eyes," and "wearing a baseball cap, plaid flannel button up shirt and a wedding ring."  The victim asked the driver whether she was under arrest and he told her that she could "work it off."  When she responded that he should "take [her] to jail, then," the driver told her that he had been brought back from retirement by the State Police and asked her to help him find other prostitutes.

[¶5]  He drove her to the parking lot across from the Concord Trailways station and backed the car up to the fence near the rear of the lot, facing the entrance.  The victim saw an automatic handgun in the driver's side door pocket.  The male "wanted to engage in anal sex with [the victim] and said he didn't get it at home."  The victim "talk[ed] him down" to oral sex.  He placed the gun on top of his lap, pointing in the direction of the front passenger-side headlight.  The male unfastened his belt, removed his penis, and the victim performed oral sex on him.  Before he let her out of the car on St. John Street, he told her that it had been "against [his] better judgment" and that "in 25 years [it] was the first time [he had] let anyone go."

[¶6]  On September 22, 2015, police spoke with an identified Concord Trailways employee "who was able to locate video for this incident."  The employee was able to determine the license plate number for the "suspect vehicle."  Police determined that Mariner was a joint owner of the vehicle.

[¶7]  The vehicle registration, indicating that the car was a tan-colored 2010 Toyota Corolla, was attached to the affidavit.  Mariner's motor vehicle record was also attached, indicating that he was fifty-seven years old and including his photograph.  After obtaining the motor vehicle information, police determined that although Mariner had taken a preliminary test toward

4

becoming a police officer, there was no record of him having been a police officer in Maine. Mariner's father, however, was a retired Cape Elizabeth police chief.

[¶8] A search warrant was issued by the court (Portland, *Eggert, J.*) on October 1, 2015, authorizing police to search Mariner's home, car, and person. Police executed the warrant that same day and seized a Cape Elizabeth police badge inscribed with the word "Retired" and a camouflage tri-fold wallet, along with other items that the victim had described.

[¶9] On October 2, 2015, Gary Mariner was charged by complaint with gross sexual assault (Class A), 17-A M.R.S. § 253(1)(A) (2016), and impersonating a public servant (Class E), 17-A M.R.S. § 457(1) (2016). He was later indicted for these crimes. Mariner filed a motion to suppress the evidence obtained from the search, arguing that the search warrant was not supported by probable cause. The court (Cumberland County, *Wheeler, J.*) found that there was no probable cause to search Mariner or his home because there was no information that Mariner was the operator of the vehicle or that the victim had identified Mariner as her assailant. Accordingly, the court granted Mariner's motion to suppress the evidence obtained from Mariner and his home—but not his vehicle.

[¶10]  The State filed a motion for further findings of fact and conclusions of law.  In response to the State's motion, the court found that the information obtained from the Concord Trailways employee was "too general and did not provide a reliable basis for the court to conclude that the video captured the suspect vehicle and the plate number of the suspect vehicle on the date and at the time in question."  The court amended its suppression order to also suppress the evidence obtained from Mariner's vehicle.

[¶11]  With the Attorney General's approval, the State timely appealed from the suppression order.  *See* 15 M.R.S § 2115-A(1), (5) (2016); M.R. App. P. 2(b)(2)(A), 21(b).

## II.  DISCUSSION

[¶12]  The State contends that the information presented in the warrant affidavit was sufficient for the warrant judge to find that there was probable cause to believe that Gary Mariner sexually assaulted the alleged victim, and that evidence of that crime would be found in his car, in his home, and on his person.  Mariner maintains that there was no probable cause because that

6

determination depended on what he alleges was a "completely conclusory" statement by the Concord Trailways employee.

[¶13] In order to discern whether probable cause has been presented, a magistrate reviewing a warrant request applies the "totality of the circumstances" test, as set forth by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 238 (1983). *State v. Gurney*, 2012 ME 14, ¶ 32, 36 A.3d 893. Pursuant to the totality of the circumstances test, a finding of probable cause requires "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238; *see also Gurney*, 2012 ME 14, ¶ 32, 36 A.3d 893.

[¶14] "To meet the standard for probable cause, the warrant affidavit must set forth some nexus between the evidence to be seized and the locations to be searched." *State v. Samson*, 2007 ME 33, ¶ 15, 916 A.2d 977. The nexus may "be inferred from the type of crime, the nature of the items sought, the extent of an opportunity for concealment and normal inferences as to where a criminal would hide [evidence of a crime]." *Id.* (quotation marks omitted).

[¶15]  When probable cause for the issuance of a warrant is challenged on appeal, "we directly review the finding of probable cause made by the magistrate who issued the warrant."  *State v. Simmons*, 2016 ME 103, ¶ 11, 143 A.3d 819 (quotation marks omitted).  "Our inquiry on appeal is limited to whether there is a substantial basis for the probable cause finding."  *Id.* ¶ 12. "We review only the information within the 'four corners' of the affidavit, but we do so construing the information in the affidavit in a positive light and allowing for 'reasonable inferences that may be drawn to support the magistrate's determination.'"  *Id.* (citation omitted) (quoting *State v. Johndro*, 2013 ME 106, ¶ 9, 82 A.3d 820); *see also Massachusetts v. Upton*, 466 U.S. 727, 732-33 (1984); *State v. Knowlton*, 489 A.2d 529, 532-33 (Me. 1985).

[¶16]  In this matter, contrary to Mariner's contention, the existence of probable cause did not depend on a wholly conclusory statement.  The warrant judge could reasonably infer that police provided the victim's description of the incident to the Concord Trailways employee who reported the license plate number of a vehicle matching those details on a surveillance video.  Because the employee was a disinterested party, whose account was not "inherently unreliable," the warrant judge was entitled to rely on the information provided by that individual.  *See Johndro*, 2013 ME 106, ¶ 11, 82 A.3d 820.  Moreover,

after receiving the license plate information from the employee, police continued their investigation by reviewing information contained in motor vehicle and other records.

[¶17] The affidavit set forth detailed information about the alleged victim's description of her assailant and the circumstances of the alleged assault. In addition to the information received from the Concord Trailways employee, the affidavit provided substantial additional factual information that reinforced the employee's information and corroborated the victim's report. Based on Mariner's physical appearance matching the victim's description, his vehicle being similar to the one the victim described and appearing on video at the time and place that the alleged assault occurred, and his father once holding the position indicated by the badge Mariner showed to the victim, the warrant judge could reasonably determine that the totality of the information set forth in the affidavit created a fair probability that Mariner was the assailant and that evidence of the crime would be found at his home, in his car, and on his person.

[¶18] Further, the warrant judge could reasonably infer that the badge and other items identified in the warrant and the supporting affidavit—including a wallet, backpack, and handgun—were the kind of items that a person would normally carry, conceal, or store in the pockets of clothing, in a

vehicle, or in the person's home. *See Gurney*, 2012 ME 14, ¶ 33, 36 A.3d 893. Viewed in a positive light and allowing for reasonable inferences, there was a substantial basis for the warrant judge's probable cause determination. *See Simmons*, 2016 ME 103, ¶ 12, 143 A.3d 819.

The entry is:

> Suppression order vacated.  Case remanded for
> further proceedings.

---

Stephanie Anderson, District Attorney, and Jonathan T. Sahrbeck, Asst. Dist. Atty. (orally), Office of the District Attorney, Portland, for appellant State of Maine

Neale A. Duffett, Esq., (orally), Cloutier, Conley & Duffett, PA, Portland, for appellee Gary Mariner

Cumberland County Unified Criminal Division docket number CR-2015-5918
FOR CLERK REFERENCE ONLY