STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
SOMERSET, ss.                           SKOWHEGAN
                                        DOCKET NO. KEN-CD-CR-18-1812


STATE OF MAINE


v.                                                ORDER OF COURT


PAUL C. CARON,
        Defendant


        This matter was argued to the undersigned on July 23ʳᵈ, 2019 with respect to the Defendant's Motion to Suppress Evidence dated June 6, 2019. Counsel agreed to allow the Court to decide the motion based upon briefs filed by counsel along with a stipulation that the information contained in paragraph nine of the affidavit was obtained in violation of the Defendant's so-called *Miranda* rights. Defendant argues that the Court must redact the suppressed statement of the Defendant and then determine whether the Court had probable cause based upon the redacted affidavit to issue a search warrant. The State argues that there is sufficient information contained in the affidavit absent paragraph nine to establish probable cause to issue the search warrant, and alternatively that the good faith exception "saves" the warrant even if the Court determines that there is insufficient evidence of probable cause in the absence of the suppressed information[1].

        After the Court has had an opportunity to review the file plus the post-hearing memoranda of counsel, the Court makes the following Findings of Fact and Conclusions of Law upon which the **Order** set forth below is based:

## I. Findings of Fact:

        1. Defendant Paul Caron (hereinafter "Defendant") has been indicted for domestic violence criminal threatening with a Dangerous Weapon, Class C, Possession of a Firearm by a Prohibited Person, Class C, Domestic Violence Assault, Class D, and Obstructing Report of Crime or Injury, Class D, all of these

---

[1] The State indicated it was attaching a copy of the affidavit to its brief. It did not. However, the Court obtained a copy of the affidavit as well as the search warrant from the Clerk's Office. The language contained in ¶9 of the affiant states "(A)t the Kennebec County Jail I asked Paul about the firearm. Paul indicated that there was one at the residence. I read Paul the Miranda Warning after this statement. Paul then declined in giving me further information and said that I misheard him telling me there was a firearm. I later confirmed with the Corrections Officer beside me that he heard Paul disclose that there was a firearm."

offenses allegedly occurring on September 2, 2018 in Benton, Maine. Defendant has pleaded not guilty to all charges.

2. The parties have stipulated that Trooper Jillian Monahan of the Maine State Police interrogated Defendant at the Kennebec County Jail on 9/3/18 prior to Defendant having been read his *Miranda* rights, and that Defendant indicated to the trooper that there was a firearm at his residence.

3. A search warrant was subsequently obtained based upon an affidavit that contained the Defendant's acknowledgement that a firearm was at his residence, *see* ¶ 9 of the affidavit.

4. The affidavit uses the term "residence" at times without, as Defendant's motion points out, specifying whose residence is being referenced; however, the affidavit at ¶ 1 states that Defendant's residence is at 204 River Road, Benton, Maine. Moreover, it is logical to assume that the "residence" the complainant is referencing in ¶ 8 of the affidavit is that of the Defendant, just as it is logical to assume that the "residence" the trooper is referring to in ¶ 12 is that of the Defendant.[2]

## II. Conclusions of Law:

5. In order to discern whether probable cause has been presented, a magistrate reviewing a warrant request applies the "totality of the circumstances" test, as set forth by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983); *State v. Gurney*, 2012 ME 14, ¶ 32, 36 A.3d 893. Pursuant to the totality of the circumstances test, a finding of probable cause requires "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238; see also *Gurney*, 2012 ME 14, ¶ 32, 36 A.3d 893.

6. "To meet the standard for probable cause, the warrant affidavit must set forth some nexus between the evidence to be seized and the locations to be searched." *State v. Samson*, 2007 ME 33, ¶ 15, 916 A.2d 977. The nexus may "be inferred from the type of crime, the nature of the items sought, the extent of an opportunity for concealment and normal inferences as to where a criminal would hide [evidence of a crime]." *Id.* (quotation marks omitted).

7. When probable cause for the issuance of a warrant is challenged on appeal, the Law Court reviews the finding of probable cause made by the magistrate who issued the warrant. *State v. Simmons*, 2016 ME 103, ¶ 11, 143 A.3d 819 (quotation marks omitted). "Our inquiry on appeal is limited to whether there

---

[2] Paragraph 11 of the affidavit begins "When at Paul (Caron's) **residence**…". In ¶ 12 the trooper writes "When I initially went to the **residence** to speak and arrest Paul…." (emphasis added). A reasonable interpretation of the affidavit results in the reader understanding that the alleged assault took place at the Defendant's residence.

is a substantial basis for the probable cause finding." *Id.* ¶ 12. "We review only the information within the 'four corners' of the affidavit, but we do so construing the information in the affidavit in a positive light and allowing for 'reasonable inferences that may be drawn to support the magistrate's determination.'" *Id.* (citation omitted) (quoting *State v. Johndro*, 2013 ME 106, ¶ 9, 82 A.3d 820); *see also Massachusetts v. Upton*, 466 U.S. 727, 732-33, 104 S. Ct. 2085, 80 L. Ed. 2d 721 (1984); *State v. Knowlton*, 489 A.2d 529, 532-33 (Me. 1985).

8. Notwithstanding the omission of ¶ 9 in the affidavit, the Court finds nevertheless ample probable cause in the rest of the affidavit to support the search warrant in this case.

9. With regard to Defendant's contention that even if the Court were to make the findings set forth in ¶ 8 above, the warrant should be considered defective as being "overbroad": specifically the defense alleges that there was no probable cause to search for long-barreled weapons at Defendant's residence. The State doesn't appear to address this argument in their filings.

10. An "overly broad warrant" is to be distinguished from a "general warrant." A "general warrant" is invalid because it authorizes a general, exploratory rummaging in a person's belongings, *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971), while an "overly broad warrant" describes in both specific and inclusive generic terms what is to be seized, but it authorizes the seizure of items as to which there is no probable cause. *United States v. DeWald*, 361 F. Supp. 3d 413, 2019 U.S. Dist. LEXIS 8792.

11. The Court declines to find this was a overly broad warrant. The Defendant was not supposed to be in possession of **any** firearms given his prohibited person status. It does not appear any "long-barreled" firearms were seized. The affidavit mentions specifically "all handguns." The Defendant takes nothing from this argument.

12. Accordingly, for the reasons stated above the Motion to Suppress is **denied.**

Date: 8/23/19

BY _____
**Robert E. Mullen, Deputy Chief Justice**
**Maine Superior Court**

3