STATE OF MAINE                          SUPERIOR COURT
SOMERSET, SS.                           CRIMINAL ACTION
                                        DOCKET NO.:  CR-01-0203


STATE OF MAINE

                                                    DONALD L. GARBRECHT
    V.                          O R D E R           LAW LIBRARY

CRAIG HUNT
                                                    'JUN 21 2002


        Before this court is the defendant's motion to suppress the
evidence obtained pursuant to a search warrant dated April 20,
2001, and approved by District Court Judge James MacMichael.  Lara
Nomani, Assistant Attorney General for the state and Marvin
Glazier, Attorney for the defendant.

        The defendant's objections to the search warrant center
around the information received from a confidential informant
identified as CI-2 in the request for the search warrant and
accompanying affidavit.  The defendant contends that the
information from CI-2 is not first-hand information but rather
information received from the confidential informant's associates.
The affidavit of CI-2 does not contain any facts indicating that
he actually witnessed any purchase of illegal drugs.  The
defendant contends that this information is crucial to the
validity of the search warrant because the other information
contained within the search warrant is stale, nonspecific, and
conclusionary.Without the information received from the
confidential informant, the search warrant cannot stand.

        The state argues that the court should follow the case of
State v. Crowley 714 A.2d 834 (ME 1998).  The Crowley case sets
out two important points applicable to this case.  First, in
reviewing search warrants, the court must not make a de novo
determination of probable cause, but must accord deference to the
magistrate's decision.  The question becomes whether there was a
substantial basis for the magistrate's finding of probable cause.

        The second important point from the Crowley case is that the
court must look at the "totality of the circumstances" in

determining whether there was a substantial basis for the underlying decision. In applying the rational of the Crowley case, this court finds that there was a substantial basis for the District Court Judge to find probable cause authorizing the issuance of the search warrant. Although the confidential informant's affidavit contained information he received from his associates, thereby making it hearsay, the other information contained within the request for the search warrant corroborated the information from the confidential informant. The defendant attempts to divide the affidavit into four parts and then analyze each part separately. While it may be true that a search warrant based solely on any one of the four parts standing alone would not support probable cause, the combination of the four parts do provide a substantial basis for the magistrate's decision. The defendant is asking the court to do what the Crowley court directed the court not to do. The Crowley court makes it very clear that it is the totality of the circumstances that have to be considered. Although some information may be based on hearsay, some vague, some stale, and some of conclusionary, it must be considered altogether in its totality. All of the facts set out in the search warrant when read together in its totality do provide a substantial basis for the magistrate's finding of probable cause.

For the reasons state above, the defendant's Motion to Suppress is hereby DENIED.

DATED: May 24, 2002

Joseph M. Jabar
Justice, Superior Court

2

STATE OF MAINE
   vs
CRAIG HUNT
14 DETROIT AVE
PITTSFIELD ME 04967

SUPERIOR COURT
SOMERSET, ss.
Docket No SKOSC-CR-2001-00203

## DOCKET RECORD

DOB: 07/16/1959
Attorney: MARVIN GLAZIER
        APPOINTED 05/24/2001

State's Attorney: LARA NOMANI

Filing Document: INDICTMENT
Filing Date: 05/24/2001

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS    04/19/2001 PITTSFIELD
    17-A   1103(1)          Class B

2   CRIMINAL FORFEITURE OF PROPERTY     04/19/2001 PITTSFIELD
    15     5826          Class U

## Docket Events:

05/25/2001 FILING DOCUMENT - INDICTMENT FILED ON 05/24/2001

       TRANSFER - BAIL AND PLEADING GRANTED ON 05/24/2001

       TRANSFER - BAIL AND PLEADING REQUESTED ON 05/24/2001

05/25/2001 Charge(s): 1,2
       HEARING - ARRAIGNMENT SCHEDULED FOR 06/21/2001 @ 8:30

       NOTICE TO PARTIES/COUNSEL
05/25/2001 Charge(s): 1,2
       HEARING - ARRAIGNMENT NOTICE SENT ON 05/28/2001

       CC: ATTY GLAZIER AND AAG NOMANI
06/26/2001 Charge(s): 1,2
       HEARING - ARRAIGNMENT HELD ON 06/21/2001 @ 8:30
       ELLEN A GORMAN , JUSTICE
       Attorney: M MURPHY

       DA: LARA NOMANI       Reporter: CASE ENOCH
       Defendant Present in Court
       READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
       DEFENDANT. 21 DAYS TO FILE MOTIONS. DC BAIL TO BE TRANSFERED. NOTE: MICHAELA MURPHY
       STOOD IN FOR MARVIN GLAZIER FOR ARRAIGNMENT.
06/26/2001 Charge(s): 1,2
       TRANSFER - BAIL AND PLEADING GRANTED ON 06/21/2001
       ELLEN A GORMAN , JUSTICE
06/29/2001 Charge(s): 1,2
       TRANSFER - BAIL AND PLEADING RECVD BY COURT ON 06/29/2001

07/19/2001 MOTION - MOTION FOR EXTENSION OF TIME FILED BY DEFENDANT ON 07/13/2001

07/19/2001 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 07/18/2001