2003 ME 83

**STATE of Maine**

v.

**Kenneth G. COFFIN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 29, 2003.

Decided: July 3, 2003.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Michael P. Harman, Law Offices of Dean A. Beaupain, Millinocket, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] The State of Maine appeals from an order entered in the District Court (Dover–Foxcroft, *Stitham, J.*), granting Kenneth Coffin's motion to suppress evidence obtained pursuant to a search warrant. The police obtained a search warrant for Coffin's residence based on the discovery of marijuana plants in the woods near the residence and a path leading in the direction of the residence. The State argues that the affidavit supporting the request for a warrant provided the basis for a probable cause determination. Finding that the warrant was supported by probable cause, we vacate the order suppressing the warrant.

## I. FACTS AND PROCEDURE

[¶ 2] Officer Guy Dow of the Piscataquis County Sheriff's Department received a tip that marijuana was being grown in the woods near the Medford Center Road. After investigating, Dow applied for a search warrant to search the Coffin residence and curtilage. In his affidavit accompanying the request for the warrant, Dow averred that he "was in the woods behind [Coffin's] premises and intersected a beaten path coming from the direction of the premises. At the end of this path was [*sic*] several plots of marijuana. Some of this marijuana was approximately two feet tall. I counted a total of eight plants." Dow further stated: "I estimate that I was approximately 50 yards straight behind this residence, as I heard a dog bark, and this is the only residence on this side of the road for approximately half a mile." A search warrant was issued by the District Court (*Gunther, J.*), authorizing a search of Coffin's premises, curtilage, vehicles, and out-buildings.

[¶ 3] The warrant was executed the same day it was signed. The State charged Coffin with marijuana cultivation (Class D), 17–A M.R.S.A. § 1117(2)(C) (Supp.2002) (current version at 17–A M.R.S.A. § 1117(1)(B)(3) (Supp.2002)). Coffin pled not guilty and filed a motion to suppress evidence of marijuana cultivation obtained during the search of his premises. He argued that Dow's affidavit did not support the conclusion that there was probable cause to believe that a search of the Coffin residence would uncover evidence of criminal activity. After hearing, the court granted the motion to suppress, finding that Dow's affidavit did not provide a substantial basis for a finding of probable cause. With the approval of the Attorney General, the State brought this timely appeal.

## II. DISCUSSION

■ [¶ 4] When the State appeals from the District Court's order suppressing evidence, we review directly the probable cause finding of the judge or magistrate who issued the warrant. *State v. Crowley*, 1998 ME 187, ¶ 3, 714 A.2d 834, 836. We do not make the probable cause determination de novo, but rather we accord deference to the decision to issue a warrant, and we look to see whether there was a substantial basis for the finding of probable cause. *Id.* ¶ 4, 714 A.2d at 836. We give a "positive reading" to the affidavit rather than a "grudging reading." *Id.* (quoting *State v. Ward*, 624 A.2d 485, 487 (Me.1993)).

[¶ 5] A positive reading of the affidavit here reveals that eight marijuana plants were discovered growing in the vicinity of the Coffin residence and that there was a beaten path that went from the direction of the plants toward the Coffin residence. This indicated a fair probability that contraband or evidence of a crime would be found on the Coffin premises, and that is all that is required for a search warrant. *See Crowley*, 1998 ME 187, ¶ 3, 714 A.2d at 836.

[¶ 6] Read with deference to the judge who issued the search warrant, the affidavit provides a substantial basis for a finding of probable cause. The District Court erred in suppressing the evidence discovered at the Coffin residence.

The entry is:

Order of suppression vacated. Remanded to the District Court for entry of an order denying the motion to suppress.