STATE OF MAINE
KENNEBEC, ss

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2007 NOV 30 P 12: 57

MICHELLE ...
CLERK OF COURTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NOS. CR-06-613
N/M - KEN- N CR-06-984

STATE OF MAINE

v.

ORDER ON MOTIONS TO SUPPRESS

MARK SMITH and
THOMAS SMITH,

Defendants

Both defendants are charged with marijuana cultivation and unlawful trafficking of scheduled drugs. The defendants seeks to suppress the following:

1. evidence obtained as a result of the search of Mark Smith's residence at 1634 Riverside Drive in Vassalboro;

2. evidence obtained as a result of the search of the residence on Dunham Road in Vassalboro;

3. evidence obtained as a result of the search of the property off the Bog Road in Vassalboro;

4. any statements made by the defendants during the course of the searches.

For the following reasons, the motions are denied in part and granted in part.

FACTS

On 6/2/06, KCSO Corporal Michael Dunham, along with twelve or thirteen other law enforcement officers, some in swat-team type uniforms and armed with guns and tazers, executed a search warrant at 1634 Riverside Drive in Vassalboro. Defendant Mark Smith was taken outside from the residence, secured, placed in hand cuffs, and seated in the front passenger seat of Corporal Dunham's cruiser.

1

Corporal Dunham asked Mark Smith if he wanted to speak to the officer. Mark Smith replied that he knew the officers were there to get his plants. Corporal Dunham then read the Miranda warnings to Mark Smith. Corporal Dunham read all of the warnings and the waiver verbatim from his card, which is identical to State's exhibit 4. After reading each paragraph, Corporal Dunham asked Mark Smith if he understood what had been read and received an affirmative response before proceeding to the next paragraph. Mark Smith answered affirmatively after the waiver language was read.

During the next several minutes, Corporal Dunham asked questions. Mark Smith admitted his involvement in the cultivation of marijuana plants and implicated his brother, Thomas Smith. Mark Smith also admitted that he stored marijuana at his parents' residence on the Dunham Road in Vassalboro. Corporal Dunham and Mark Smith then drove to the Dunham Road residence. Corporal Dunham did not discuss having found more than 100 plants during this initial interview. The officer had no way to know at that time the number of plants found because the search was not completed.

Detective Rick Stubbert next spoke to Mark Smith, who was in custody by that time. Detective Stubbert advised Mark Smith that he was in trouble and said that if he cooperated, it would help him in the end. Detective Stubbert made no threats but did say that if Mark Smith was honest and forthcoming, it would be in his best interests. Detective Stubbert asked where the processed marijuana was kept and where the plants were. Eventually, Mark Smith said that the marijuana was kept at his parents' residence and that his brother would be there.

Detective Stubbert drove to the Dunham Road residence. The officers knocked on the door and Thomas Smith exited the residence. Sergeant Cowan and Detective Stubbert told Thomas Smith that Mark Smith had been arrested for crimes and that they

knew Thomas Smith was involved. Sergeant Cowan's body language led Thomas Smith to understand that he was not free to leave.

Detective Stubbert advised Thomas Smith that a search warrant had just been executed at Mark Smith's house. Detective Stubbert stated that he could get a search warrant to search the Dunham Road residence or Thomas Smith could consent to the officers entering the residence. Although Thomas Smith denied he was told that he did not have to let the officers enter and they could get a warrant, Mark Smith agreed that that information was given to Thomas Smith. Detective Stubbert did not recall whether he asked if Thomas Smith lived at the residence and did not recall whether Thomas Smith said he lived there. Thomas Smith stated that this was his parents' house and he did not want them to be involved because they had no connection to what was going on.

On 6/2/06, Thomas Smith was the caregiver for his mother. He went to the Dunham Road residence on a regular basis and it was not unusual for him to spend considerable periods of time at the residence. He agreed at the motion hearing that he had access to the residence and access to the attic where the marijuana was found, which was a common storage area used by several family members.

Sergeant Cowan produced the consent to search form. (State's Ex. 1.) Detective Stubbert explained the contents of the form. Thomas Smith admitted at the motion hearing that he understood that the officers were asking for consent to enter the house, that he signed the consent form, and that he let the officers go in. He gave oral permission to look in the residence and signed the form in Detective Stubbert's presence.

When Corporal Dunham and Mark Smith arrived at the Dunham Road residence, Thomas Smith was outside with Sergeant Cowan and Detective Stubbert. At

3

least seven officers eventually arrived. Sergeant Cowan and Detective Stubbert stated that Thomas Smith resided at that address, had given consent to search the residence, and showed the signed consent form to Corporal Dunham. (State's Ex. 1.)

No Miranda warnings were read to Thomas Smith. Corporal Dunham was unsure if Thomas Smith would be charged and he was free to leave as far as Corporal Dunham was concerned. At the motion hearing, Thomas Smith denied that he was asked any questions by any officers except whether he would consent to the search of the residence and whether he could talk some sense into his brother. Thomas Smith did not reply to the latter question.

Corporal Dunham and Thomas Smith entered the residence. Corporal Dunham asked Thomas Smith if he would show the officer the location of the marijuana. Thomas Smith led the officer to a storage area and a bucket containing just over thirteen pounds of marijuana. Thomas Smith stated that he helped Mark Smith with the marijuana growing and Mark Smith gave marijuana to Thomas Smith for health reasons. Thomas Smith stated that the marijuana belonged to Mark Smith and himself. Corporal Dunham arrested Thomas Smith and another deputy transported Thomas Smith to jail.

At the Dunham Road residence, Detective Stubbert spoke to Mark Smith again. Detective Stubbert said he had information about plants and asked Mark Smith again about the plants and whether he had an "outdoor grow." Mark Smith asked whether it would help and "make us look good" if he led the officers to the grow. Detective Stubbert and Corporal Dunham replied that it would be to Mark Smith's benefit to show the officers other plants and would help prove his cooperation with the investigation. At the motion hearing, Detective Stubbert agreed that he assumed that

these remarks to Mark Smith led Mark Smith to believe that cooperation would help in the end with the District Attorney.

Corporal Dunham did not say what would happen if Mark Smith did not show other plants and did not hear Detective Stubbert say anything to that effect. Neither Fairfield Police Department Detective Sergeant Kingston Paul nor Detective Stubbert heard any officer discussing having found more than 100 plants or discussing bringing in helicopters.

The defendants' recollection of statements made by the officers differs, of course, from the officers' recollection. In general, the testimony of the defendants was exaggerated, inconsistent, and not credible. Thomas Smith did, however, testify about threats and promises made by Sergeant Cowan, with whom Thomas Smith interacted more than with other officers. Sergeant Cowan told Mark Smith at the Dunham Road residence that his charges would be less if he cooperated and produced evidence. The State did not offer Sergeant Cowan's testimony at the motion hearing and other officers did not specifically refute this statement by Sergeant Cowan.

Corporal Dunham drove to the Bog Road, guided by Mark Smith. Mark Smith told the officer when to stop and then led the officers through the woods to several marijuana plants. Mark Smith told the officers he had a water pumping system to irrigate the plants. Sixty-four marijuana plants were seized. Mark Smith was taken to the jail.

CONCLUSIONS

### 1. 1634 Riverside Drive

The affidavit and request for search warrant signed by Deputy Paul contains sufficient facts to establish probable cause that a crime had been committed on the premises to be searched and to justify issuance of the warrant. See State v. Crowley,

5

1998 ME 187, ¶ 4, 714 A.2d 834, 836; see also State v. Coffin, 2003 ME 83, ¶ 6, 828 A.2d 208, 209 (read affidavit with deference to officer who issued search warrant).

## 2. Dunham Road

A search conducted after a valid consent is obtained is an exception to the warrant requirement. State v. Seamen's Club, 1997 ME 70, ¶ 7, 691 A.2d 1248, 1251. The State has the burden of proving "by a preponderance of the evidence that [Thomas Smith] objectively manifested his consent by word or gesture. A voluntary consent is one that is not the result of duress or coercion, express or implied, and that is, in fact, voluntarily given. Whether a consent is voluntary is to be determined from all the circumstances." State v. Ullring, 1999 ME 183, ¶ 10, 741 A.2d 1065, 1067-68 (citations omitted).

The court concludes by a preponderance of the evidence that Thomas Smith's consent was valid. The consent was obtained by Detective Stubbert and Sergeant Cowan. Detective Stubbert's testimony was credible, and Thomas Smith's was not, concerning the consent process. Sergeant Cowan made no threats or promises while obtaining Thomas Smith's consent. Further, Thomas Smith had sufficient apparent authority to consent to the search of the Dunham Road residence. See Georgia v. Randolph, 547 U.S. 103, 110-11 (2006); State v. Thibodeau, 317 A.2d 172, 177-78 (Me. 1974).

## 3. Bog Road

Mark Smith discussed several times with Corporal Dunham and/or Detective Stubbert the consequences of Mark Smith's cooperation. Finally, at the Dunham Road residence, Detective Stubbert asked Mark Smith again about the marijuana plants. Mark Smith asked whether it would help if he told the officer where the plants were

and Detective Stubbert replied that it would help. Mark Smith led the officers to the marijuana plants in an area off the Bog Road.

As Detective Stubbert admitted, the officers' remarks implied that Mark Smith's cooperation would help him with the District Attorney's consideration of the charges. Sergeant Cowan's statement, unrebutted on this record, confirmed that implication. This goes beyond encouraging a defendant to tell the truth. Cf. State v. Dion, 2007 ME 87, ¶ 34, 928 A.2d 746, 752 (officers' statements to defendant that it would be in his best interest to explain whatever happened, that it would be in his best interest to tell the truth, and that it would look better for the defendant to say he messed up were not impermissible promises). Mark Smith's consent to take the officers to the Bog Road location of the marijuana plants was not voluntary.

### 4. Statements

#### Mark Smith

Mark Smith was in custody when seated in Corporal Dunham's cruiser. See State v. Hassan, 2007 ME 77, ¶ 16-17, 925 A.2d 625, 628-629. The Miranda warnings were required. Corporal Dunham should have read the Miranda warnings to Mark Smith prior to asking whether the defendant wanted to speak to the officer. However, the defendant's response to that question had nothing to do with the question and was volunteered information. See State v. Philbrick, 436 A.2d 844, 848-849 (Me. 1981) (distinguishing between questions a police officer knows are reasonably likely to elicit an incriminating response and volunteered statements). The Miranda warnings were then read properly to Mark Smith. He understood the warnings and agreed to answer questions.

In order to find a statement voluntary, the State must prove beyond a reasonable doubt that the statement resulted from the "defendant's exercise of his own free will and

7

rational intellect." <u>State v. Sawyer</u>, 2001 ME 88, ¶¶ 8-9, 772 A.2d 1173, 1175-76. The requirement that a statement must be voluntary in order to be admissible "gives effect to three overlapping but conceptually distinct values: (1) it discourages objectionable police practices; (2) it protects the mental freedom of the individual; and (3) it preserves a quality of fundamental fairness in the criminal justice system." <u>State v. Mikulewicz</u>, 462 A.2d 497, 500 (Me. 1983).

The State has proved beyond a reasonable doubt that Mark Smith's statements to Corporal Dunham and Detective Stubbert at the Riverside Drive residence were voluntary. Detective Stubbert's statements at the Riverside Drive residence are similar to those found permissible in <u>Dion</u>. <u>See</u> <u>Dion</u>, 2007 ME 87, ¶¶ 7-8, 10-11, 34, 928 A.2d at 748-49, 752. Based on the discussion above, the officers' statements to Mark Smith at the Dunham Road residence constitute express or implied promises of leniency. <u>See</u> <u>id</u>. The State has not shown beyond a reasonable doubt that Mark Smith's statements at the Dunham Road residence and the Bog Road property were voluntary and "the result of the defendant's exercise of his own free will and rational intellect." <u>Sawyer</u>, 2001 ME 88, ¶¶ 8-9, 772 A.2d at 1175-76.

### Thomas Smith

Thomas Smith was in custody during the search of the Dunham Road property. <u>See Hassan</u>, 2007 ME 77, ¶ 16-17, 925 A.2d at 628-629. Many police officers initiated the contact. The officers told Thomas Smith that his brother had been arrested from crimes and they knew Thomas Smith was involved in the criminal conduct. Mark Smith eventually arrived with a police escort and in hand cuffs. Sergeant Cowan's actions suggested to Thomas Smith that he was not free to leave. A reasonable person in Thomas Smith's position would have determined that he was now the focus of the investigation, which had shifted from Mark Smith's residence to what the police

8

believed was Thomas Smith's residence. Thomas Smith knew the officers intended to get a search warrant if consent to search was not given. See State v. Michaud, 1998 ME 251, ¶ 4, 724 A.2d 1222, 1226 (factors to consider for objective test to determine custody); see also State v. Holloway, 2000 ME 172, ¶ 19, 760 A.2d 223, 229 (factors viewed in their totality).

No Miranda warnings were given to Thomas Smith. He was not, however, interrogated, based on this record. Miranda warnings are required only if a defendant is interrogated and in custody. State v. Higgins, 2002 ME 77, ¶ 12, 797 A.2d 50, 54.

The officers' statements regarding the consequences of cooperation and reduction of charges were directed at Mark Smith. As discussed above, the court does not accept Thomas Smith's testimony regarding alleged statements made to him during the consent process. The State has proved beyond a reasonable doubt that Thomas Smith's statements were voluntary. Sawyer, 2001 ME 88, ¶¶ 8-9, 772 A.2d at 1175-76.

The entry is

> The Defendants' Motions to Suppress are DENIED with regard to the search of the Riverside Drive property, the search of the Dunham Road property, Mark Smith's statements at the Riverside Drive residence, and Thomas Smith's statements.
>
> The Defendants' Motions to Suppress are GRANTED with regard to Mark Smith's statements at the Dunham Road residence and the Bog Road property and the search of the Bog Road property.

Date: November 29, 2007

Nancy Mills
Justice, Superior Court

9

STATE OF MAINE
   vs
MARK D SMITH
1634 RIVERSIDE DRIVE
VASSALBORO ME 04989

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2006-00613

**DOCKET RECORD**

DOB: 04/01/1956
Attorney: ROBERT SANDY
        SHERMAN & SANDY
        74 SILVER ST
        PO BOX 499
        WATERVILLE ME 04903-0499
        RETAINED 06/19/2006

State's Attorney: EVERT FOWLE

## Charge(s)

**1   CULTIVATING MARIJUANA**                     **06/02/2006 VASSALBORO**
**Seq 8588  17-A  1117(1)(B)(2)**         **Class C**


**2   UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS**   **06/02/2006 VASSALBORO**
**Seq 8545  17-A  1103(1-A)(E)**          **Class C**


## Docket Events:

06/02/2006 FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 06/02/2006

06/02/2006 Charge(s): 1,2
       HEARING -  ARRAIGNMENT SCHEDULED FOR 08/08/2006 @ 8:00

       NOTICE TO PARTIES/COUNSEL
06/02/2006 BAIL BOND - $5,000.00 UNSECURED BAIL BOND FILED ON 06/02/2006

       Bail Amt: $5,000
       Date Bailed: 06/02/2006
06/19/2006 Party(s): MARK D SMITH
       ATTORNEY -  RETAINED ENTERED ON 06/19/2006

       Attorney: ROBERT SANDY
06/26/2006 Charge(s): 1,2
       SUPPLEMENTAL FILING -  COMPLAINT FILED ON 06/26/2006

07/10/2006 MOTION -  MOTION TO REVOKE BAIL FILED BY STATE ON 07/10/2006

07/13/2006 WARRANT -  VIOLATION OF BAIL ORDERED ON 07/13/2006

07/13/2006 BAIL BOND -  NO BAIL ALLOWED SET BY COURT ON 07/13/2006

07/13/2006 WARRANT -  VIOLATION OF BAIL ISSUED ON 07/13/2006

07/13/2006 WARRANT -  VIOLATION OF BAIL VACATED ON 07/13/2006

07/13/2006 MOTION -  MOTION TO REVOKE BAIL WITHDRAWN ON 07/13/2006

08/08/2006 Charge(s): 1,2
         HEARING - ARRAIGNMENT HELD ON 08/08/2006 @ 8:00
         NANCY MILLS , JUSTICE
         Attorney: ROBERT SANDY
         DA: BRAD GRANT        Reporter: WENDY AMBROSE
         Defendant Present in Court

         READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
         DEFENDANT. 21 DAYS TO FILE MOTIONS
08/08/2006 Charge(s): 1,2
         PLEA - NO ANSWER ENTERED BY DEFENDANT ON 08/08/2006

08/08/2006 Charge(s): 1,2
         HEARING - STATUS CONFERENCE SCHEDULED FOR 11/28/2006 @ 8:00

08/08/2006 Charge(s): 1,2
         HEARING - STATUS CONFERENCE NOTICE SENT ON 08/08/2006

11/17/2006 Charge(s): 1,2
         SUPPLEMENTAL FILING - INDICTMENT FILED ON 11/16/2006

11/17/2006 Charge(s): 1,2
         HEARING - STATUS CONFERENCE NOT HELD ON 11/17/2006

11/17/2006 Charge(s): 1,2
         HEARING - ARRAIGNMENT SCHEDULED FOR 11/28/2006 @ 8:00

11/29/2006 Charge(s): 1,2
         HEARING - ARRAIGNMENT HELD ON 11/28/2006

         READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
         DEFENDANT. 21 DAYS TO FILE MOTIONS
11/29/2006 Charge(s): 1,2
         PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 11/28/2006

12/26/2006 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 12/22/2006

12/26/2006 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 12/22/2006

         MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCOVERY
12/26/2006 MOTION - MOTION FOR EXTENSION OF TIME FILED BY DEFENDANT ON 12/22/2006

         NO OBJECTION TO SHORT EXTENTION BY DA
12/26/2006 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 02/07/2007 @ 8:00

         NOTICE TO PARTIES/COUNSEL
12/26/2006 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 02/07/2007 @ 8:00

         NOTICE TO PARTIES/COUNSEL
12/26/2006 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 12/26/2006
         S KIRK STUDSTRUP , JUSTICE
         COPY TO PARTIES/COUNSEL
02/08/2007 HEARING - MOTION TO SUPPRESS EVIDENCE CONTINUED ON 02/07/2007

02/08/2007 HEARING - MOTION FOR DISCOVERY CONTINUED ON 02/07/2007

02/08/2007 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 03/07/2007 @ 8:00

      NOTICE  TO PARTIES/COUNSEL
02/08/2007 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 03/07/2007 @ 8:00

      NOTICE  TO PARTIES/COUNSEL
02/08/2007 OTHER FILING - MEMORANDUM OF LAW FILED ON 02/07/2007

03/06/2007 MOTION - MOTION TO CONTINUE FILED BY STATE ON 03/06/2007

03/06/2007 MOTION - MOTION TO CONTINUE GRANTED ON 03/06/2007

      COPY TO PARTIES/COUNSEL
03/06/2007 HEARING - MOTION TO SUPPRESS EVIDENCE CONTINUED ON 03/06/2007

03/06/2007 HEARING - MOTION FOR DISCOVERY CONTINUED ON 03/06/2007

03/06/2007 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 05/10/2007 @ 8:00

      NOTICE  TO PARTIES/COUNSEL
03/06/2007 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 05/10/2007 @ 8:00

      NOTICE  TO PARTIES/COUNSEL
05/14/2007 HEARING - MOTION TO SUPPRESS EVIDENCE NOT HELD ON 05/10/2007

05/14/2007 HEARING - MOTION FOR DISCOVERY NOT HELD ON 05/10/2007

05/14/2007 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 06/05/2007 @ 8:00

      NOTICE  TO PARTIES/COUNSEL
05/14/2007 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 06/05/2007 @ 8:00

      NOTICE  TO PARTIES/COUNSEL
05/30/2007 HEARING - MOTION TO SUPPRESS EVIDENCE CONTINUED ON 05/30/2007

05/30/2007 HEARING - MOTION FOR DISCOVERY CONTINUED ON 05/30/2007

05/30/2007 MOTION - MOTION TO CONTINUE FILED BY STATE ON 05/30/2007

05/30/2007 MOTION - MOTION TO CONTINUE GRANTED ON 05/30/2007
      NANCY MILLS , JUSTICE
      COPY TO PARTIES/COUNSEL
07/12/2007 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 08/09/2007 @ 1:00

      NOTICE  TO PARTIES/COUNSEL
07/12/2007 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 08/09/2007 @ 1:00

      NOTICE  TO PARTIES/COUNSEL
07/12/2007 HEARING - MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 07/12/2007

07/12/2007 HEARING -  MOTION FOR DISCOVERY NOTICE SENT ON 07/12/2007

08/03/2007 MOTION -  MOTION TO CONTINUE FILED BY STATE ON 08/03/2007

08/03/2007 MOTION -  MOTION TO CONTINUE GRANTED ON 08/03/2007

      COPY TO PARTIES/COUNSEL
08/03/2007 HEARING -  MOTION TO SUPPRESS EVIDENCE CONTINUED ON 08/03/2007

08/16/2007 HEARING -  MOTION FOR DISCOVERY HELD ON 08/09/2007
      NANCY  MILLS , JUSTICE
      Reporter: TAMMY DROUIN
      Defendant Present in Court
08/16/2007 HEARING -  MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 09/07/2007 @ 1:00

      NOTICE  TO PARTIES/COUNSEL
08/16/2007 HEARING -  MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 08/16/2007

08/29/2007 MOTION -  MOTION FOR DISCOVERY GRANTED ON 08/29/2007
      NANCY  MILLS , JUSTICE
      COPY TO PARTIES/COUNSEL                     PURSUANT TO 16A
      AND 16B
08/29/2007 MOTION -  MOTION FOR DISCOVERY DENIED ON 08/29/2007
      NANCY  MILLS , JUSTICE
      COPY TO PARTIES/COUNSEL                     PURSUANT TO
      ADDITIONAL DISCOVERY RELATED TO CI-04-25
10/30/2007 HEARING -  MOTION TO SUPPRESS EVIDENCE HELD ON 09/07/2007
      NANCY  MILLS , JUSTICE
10/30/2007 NOTE -  OTHER CASE NOTE ENTERED ON 10/30/2007

      UNDER ADVISEMENT WITH JUSTICE MILLS
10/30/2007 MOTION -  MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 09/07/2007

11/30/2007 MOTION -  MOTION TO SUPPRESS EVIDENCE GRANTED ON 11/30/2007

      COPY TO PARTIES/COUNSEL                     WITH REGARD TO
      MARK SMITH'S STATEMENTS AT THE DUNHAM ROAD RESIDENCE AT THE BOG ROAD PROPERTY AND THE
      SEARCH OF THE BOG ROAD PROPERTY
11/30/2007 MOTION -  MOTION TO SUPPRESS EVIDENCE DENIED ON 11/29/2007

      COPY TO PARTIES/COUNSEL                     WITH REGARD TO
      THE SEARCH OF THE RIVERSIDE DRIVE PROPERTY, THE SEARCH OF THE DUNHAM ROAD PROPERTY, MARK
      SMITH'S STATEMENTS AT THE RIVERSIDE DRIVE RESIDENCE, AND THOMAS SMITH'S STATEMENTS.
11/30/2007 Charge(s): 1,2
      TRIAL -  DOCKET CALL SCHEDULED FOR 01/09/2008

A TRUE COPY
ATTEST: _____
               Clerk

STATE OF MAINE
      vs
THOMAS C SMITH
P.O. BOX 154
HINCKLEY ME 04944

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2006-00984

**DOCKET RECORD**

DOB: 01/19/1955
Attorney: ROBERT SANDY                         State's Attorney: TRACY DEVOLL
          SHERMAN & SANDY
          74 SILVER ST
          PO BOX 499
          WATERVILLE ME 04903-0499
          RETAINED 07/19/2006

## Charge(s)

1   **CULTIVATING MARIJUANA**                    06/02/2006 VASSALBORO
**Seq 8588   17-A   1117(1)(B)(2)          Class C**
   **DURHAM               / KEN**

2   **UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS    06/02/2006 VASSALBORO**
**Seq 8545   17-A   1103(1-A)(E)          Class C**
   **DURHAM               / KEN**

## Docket Events:

09/21/2006 Charge(s): 1,2
           TRANSFER - PERMANENT TRANSFER EDI ON 09/21/2006 @ 18:00

           TRANSFERRED CASE: SENDING COURT CASEID AUGDCCR200601876
           TRANSFER - PERMANENT TRANSFER EDI ON 09/12/2006 @ 18:01

           TRANSFERRED CASE: SENDING COURT CASEID WATDCCR200601173
           FILING DOCUMENT - NON CASH BAIL BOND FILED ON 06/05/2006

           BAIL BOND - $500.00 UNSECURED BAIL BOND FILED ON 06/05/2006

           Bail Amt: $500
           Date Bailed: 06/02/2006
           Charge(s): 1
           SUPPLEMENTAL FILING - COMPLAINT FILED ON 06/28/2006

           Party(s): THOMAS C SMITH
           ATTORNEY - RETAINED ENTERED ON 07/19/2006

           Attorney: ROBERT SANDY
           Charge(s): 1,2
           HEARING - INITIAL APPEARANCE SCHEDULED FOR 07/05/2006

           NOTICE TO PARTIES/COUNSEL
           Charge(s): 1,2
           HEARING - INITIAL APPEARANCE HELD ON 07/05/2006

           Charge(s): 1,2
           PLEA - NO ANSWER ENTERED BY COUNSEL ON 06/19/2006

09/21/2006 Charge(s): 1,2
MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 07/26/2006

Charge(s): 1,2
HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 09/19/2006 @ 8:30

NOTICE TO PARTIES/COUNSEL
Charge(s): 1,2
HEARING - MOTION FOR DISCOVERY NOT HELD ON 09/12/2006

Charge(s): 1,2
HEARING - MOTION FOR DISCOVERY NOTICE SENT ON 08/02/2006

Charge(s): 1,2
MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 07/26/2006

Charge(s): 1,2
HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 09/19/2006 @ 8:30

NOTICE TO PARTIES/COUNSEL
Charge(s): 1,2
HEARING - MOTION TO SUPPRESS EVIDENCE NOT HELD ON 09/12/2006

Charge(s): 1,2
HEARING - MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 08/02/2006

Charge(s): 1,2
MOTION - OTHER MOTION FILED BY DEFENDANT ON 07/26/2006

MOTION FOR LEAVE TO FILE FURTHER MOTIONS
Charge(s): 1,2
HEARING - OTHER MOTION SCHEDULED FOR 09/19/2006 @ 8:30

MOTION FOR LEAVE TO FILE FURTHER MOTIONS
Charge(s): 1,2
HEARING - OTHER MOTION NOT HELD ON 09/12/2006

MOTION FOR LEAVE TO FILE FURTHER MOTIONS
Charge(s): 1,2
HEARING - OTHER MOTION NOTICE SENT ON 08/02/2006

MOTION FOR LEAVE TO FILE FURTHER MOTIONS
Charge(s): 1,2
FINDING - PERMANENT TRANSFER TRANSFERRED ON 09/12/2006

AUGDC
Charge(s): 1,2
FINDING - PERMANENT TRANSFER TRANSFERRED ON 09/21/2006

AUGSC
09/22/2006 Charge(s): 1,2
TRANSFER - PERMANENT TRANSFER RECVD BY COURT ON 09/21/2006

RECIEVED FROM WATERVILLE DISTRICT COURT DOCKET NUMBER CR-06-984
10/04/2006 Charge(s): 1,2
HEARING - STATUS CONFERENCE SCHEDULED FOR 12/12/2006 @ 10:00

11/17/2006 Charge(s): 1,2
SUPPLEMENTAL FILING - INDICTMENT FILED ON 11/16/2006

11/17/2006 Charge(s): 1,2
HEARING - STATUS CONFERENCE NOT HELD ON 11/17/2006

11/17/2006 Charge(s): 1,2
HEARING - ARRAIGNMENT SCHEDULED FOR 11/28/2006 @ 8:00

11/17/2006 Charge(s): 1,2
HEARING - ARRAIGNMENT NOTICE SENT ON 11/17/2006

11/17/2006 HEARING - OTHER MOTION SCHEDULED FOR 02/07/2006 @ 8:00

MOTION FOR LEAVE TO FILE FURTHER MOTIONS
11/17/2006 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 02/07/2007 @ 8:00

NOTICE TO PARTIES/COUNSEL
11/17/2006 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 02/07/2007 @ 8:00

NOTICE TO PARTIES/COUNSEL
11/29/2006 Charge(s): 1,2
HEARING - ARRAIGNMENT HELD ON 11/28/2006

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS
11/29/2006 Charge(s): 1,2
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 11/28/2006

12/21/2006 MOTION - MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 12/21/2006

12/28/2006 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 12/28/2006

COPY TO PARTIES/COUNSEL
12/29/2006 OTHER FILING - COUNSEL VOUCHER FILED ON 12/29/2006

Attorney: DANIEL SKOLNIK
12/29/2006 OTHER FILING - COUNSEL VOUCHER APPROVED ON 12/29/2006
NANCY DESJARDIN , CLERK II
IN THE AMOUNT OF $375.00
02/08/2007 HEARING - MOTION FOR DISCOVERY CONTINUED ON 02/07/2007

02/08/2007 HEARING - MOTION TO SUPPRESS EVIDENCE CONTINUED ON 02/07/2007

02/08/2007 HEARING - OTHER MOTION CONTINUED ON 02/07/2007

MOTION FOR LEAVE TO FILE FURTHER MOTIONS
02/08/2007 Charge(s): 1,2

MOTION -  OTHER MOTION GRANTED ON 12/23/2006

MOTION FOR LEAVE TO FILE FURTHER MOTIONS
02/08/2007 HEARING -  MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 03/07/2007 @ 8:00

NOTICE  TO PARTIES/COUNSEL
02/08/2007 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 03/07/2007 @ 8:00

NOTICE  TO PARTIES/COUNSEL
02/08/2007 OTHER FILING -  MEMORANDUM OF LAW FILED ON 02/07/2007

03/06/2007 MOTION -  MOTION TO CONTINUE FILED BY STATE ON 03/06/2007

03/06/2007 MOTION -  MOTION TO CONTINUE GRANTED ON 03/06/2007

COPY TO PARTIES/COUNSEL
03/06/2007 HEARING -  MOTION FOR DISCOVERY CONTINUED ON 03/06/2007

03/06/2007 HEARING -  MOTION TO SUPPRESS EVIDENCE CONTINUED ON 03/06/2007

03/06/2007 HEARING -  MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 05/10/2007 @ 8:00

NOTICE  TO PARTIES/COUNSEL
03/06/2007 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 05/10/2007 @ 8:00

NOTICE  TO PARTIES/COUNSEL
05/14/2007 HEARING -  MOTION FOR DISCOVERY NOT HELD ON 05/10/2007

05/14/2007 HEARING -  MOTION TO SUPPRESS EVIDENCE NOT HELD ON 05/10/2007

05/14/2007 HEARING -  MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 06/05/2007 @ 8:00

NOTICE  TO PARTIES/COUNSEL
05/14/2007 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 06/05/2007 @ 8:00

NOTICE  TO PARTIES/COUNSEL
05/30/2007 MOTION -  MOTION TO CONTINUE FILED BY STATE ON 05/30/2007

05/30/2007 MOTION -  MOTION TO CONTINUE GRANTED ON 05/30/2007
NANCY  MILLS , JUSTICE
COPY TO PARTIES/COUNSEL
05/30/2007 HEARING -  MOTION FOR DISCOVERY CONTINUED ON 05/30/2007

05/30/2007 HEARING -  MOTION TO SUPPRESS EVIDENCE CONTINUED ON 05/30/2007

07/12/2007 HEARING -  MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 08/09/2007 @ 1:00

NOTICE  TO PARTIES/COUNSEL
07/12/2007 HEARING -  MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 07/12/2007

07/12/2007 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 08/09/2007 @ 1:00

NOTICE  TO PARTIES/COUNSEL

07/12/2007 HEARING - MOTION FOR DISCOVERY NOTICE SENT ON 07/12/2007

08/03/2007 MOTION - MOTION TO CONTINUE FILED BY STATE ON 08/03/2007

08/03/2007 MOTION - MOTION TO CONTINUE GRANTED ON 08/03/2007

COPY TO PARTIES/COUNSEL
08/03/2007 HEARING - MOTION TO SUPPRESS EVIDENCE CONTINUED ON 08/03/2007

08/16/2007 HEARING - MOTION FOR DISCOVERY HELD ON 08/09/2007
NANCY MILLS , JUSTICE
Reporter: TAMMY DROUIN
Defendant Present in Court
08/16/2007 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 09/07/2007 @ 1:00

NOTICE TO PARTIES/COUNSEL
08/16/2007 HEARING - MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 08/16/2007

08/29/2007 Charge(s): 1,2
MOTION - MOTION FOR DISCOVERY GRANTED ON 08/28/2007
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL                                          PURSUANT TO 16A
AND 16B
08/29/2007 Charge(s): 1,2
MOTION - MOTION FOR DISCOVERY DENIED ON 08/28/2007
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL                                          MOTION FOR
ADDITIONAL DISCOVERY TO CI-04-25
09/26/2007 HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 09/07/2007
NANCY MILLS , JUSTICE
Defendant Present in Court
09/26/2007 Charge(s): 1,2
MOTION - MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 09/07/2007
NANCY MILLS , JUSTICE
10/30/2007 NOTE - OTHER CASE NOTE ENTERED ON 10/30/2007

UNDER ADVISEMENT WITH JUSTICE MILLS
11/30/2007 Charge(s): 1,2
MOTION - MOTION TO SUPPRESS EVIDENCE GRANTED ON 11/30/2007

COPY TO PARTIES/COUNSEL                                          WITH RESPECT TO
MARK SMITH'S STATEMENTS AT THE DUNHAM ROAD RESIDENCE AND THE BOG ROAD PROPERTY AND THE
SEARCH OF THE BOG ROAD PROPERTY
11/30/2007 Charge(s): 1,2
MOTION - MOTION TO SUPPRESS EVIDENCE DENIED ON 11/30/2007

COPY TO PARTIES/COUNSEL                                          WITH REGARD TO
THE SEARCH OF THE RIVERSIDE DRIVE PROPERTY, THE SEARCH OF THE DUNHAM ROAD PROPERTY, MARK
SMITH'S STATEMENTS AT THE RIVERSIDE DRIVE RESIDENCE, AND THOMAS SMITH'S STATEMENTS.
11/30/2007 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 01/09/2008

A TRUE COPY
ATTEST: _____
                        Clerk