11/9/18
need Attys

STATE OF MAINE
KENNEBEC, SS.

UNIFIED CRIMINAL DOCKET
AUGUSTA
DOCKET NO. CR-2018-1568

STATE OF MAINE

V.

**ORDER ON MOTION TO SUPPRESS**

O'NEIL BOIVIN, JR.

Pending before the court is the Defendant's Motion to Suppress the fruits of a search conducted pursuant to a warrant dated June 11, 2018. The Defendant has been charged with operating under the influence in violation of 29-A M.R.S. §2411 alleged to have been committed on June 3, 2018. The Defendant's motion to suppress is dated October 2, 2018 and asserts that the warrant was not supported by probable cause. A non-testimonial hearing was held on November 5, 2018, and the court took the matter under advisement. The parties agree that the court's review is limited to the "four corners" of the affidavit.

The affiant, Trooper Connor Willard of the Maine State Police, recited in his affidavit in support of the warrant that he was dispatched to the scene of a single vehicle crash into a tree on June 3, 2018 at 1557 hours (3:57 p.m.). The trooper arrived at the crash scene at 1608 hours (4:08 p.m.) and found a grey 4-door Chevrolet truck that had veered off the right side of the road and struck a large tree. Rescue personnel were already at the scene. The trooper did not observe any skid marks. The driver was the only occupant of the vehicle and was eventually identified as the Defendant.

The two front doors of the vehicle had to be removed in order to extract the Defendant. While Trooper Willard was standing behind the driver's door he overheard a rescue worker ask the Defendant "if he had had anything to drink today." Trooper Willard reported in his affidavit that "[t]he driver mentioned to the rescue worker that he had a few earlier."

The Defendant was life-flighted to Central Maine Medical Center (CMMC) in Lewiston. Officer Keith Couette went to the hospital and spoke to the Defendant, who stated that "he did not think he was in the right state of mind due to the crash to give consent for a blood draw." Based on the affidavit, the trooper sought a warrant to obtain the results of the toxicology reports from the blood drawn from the Defendant on June 3, 2018, presumably at the hospital, as well as the whole blood sample draw at CMMC.[1]

A court reviewing a magistrate's determination of probable cause does not, and should not, make a *de novo* determination. Rather, deference must be accorded to the magistrate's finding of probable cause. *State v. Coffin*, 2003 ME 83, ¶ 4, 828 A.2d 208. The court's inquiry is limited to whether there is a "substantial basis" for the finding of probable cause. *State v. Johndro*, 2013 ME 106, ¶ 9, 82 A.3d 820.

---

[1] The affidavit and the warrant are somewhat confusing and inconsistent. The affidavit sought a warrant for the results of the blood drawn from the Defendant on June 3, 2018 as well as the whole blood sample "to be drawn from" the Defendant. The location of where the search would take place was CMMC. The warrant, on the other hand, described the items to be searched for as "[w]hole blood sample sufficient for analysis and testing believed to contain evidence of intoxicants to be drawn from O'Neil Boivin . . . by a qualified person . . . ." The description in the warrant, and even the affidavit to some extent, suggests that a new whole blood sample was to be drawn from the Defendant as a result of the warrant dated June 11, 2018, eight days after the crash. The inventory filed with the court describes the items searched as: "The toxicology and blood results of O'Neil Boivin . . . ." From the inventory it is not clear to the court that the whole blood sample drawn at the hospital was actually seized. In any event, giving the affidavit a "positive" reading, it appears clear that the affidavit and warrant were intended to authorize the seizure of the hospital blood test results and the whole blood sample taken from the Defendant on June 3, 2018 while he was at CMMC following the crash.

The affidavit must be given a "positive" not a "grudging" reading and it must be reviewed "with all reasonable inferences that may be drawn to support the magistrate's determination." *See State v. Crowley*, 1998 ME 187, ¶ 3, 714 A.2d 834; *State v. Higgins*, 2002 ME 77, ¶ 20, 796 A. 2d 50. The test for probable cause is limited to the "four corners" of the affidavit. *State v. Thornton*, 414 A.2d 229, 233 (Me. 1980).

The "substantial basis" test calls upon the magistrate to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Johndro*, 2013 ME 106, ¶ 10 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The affidavit is to be reviewed in a "common sense and realistic fashion....Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area." *State v. Lutz*, 553 A.2d 657, 659 (Me. 1989) (quoting *United States v. Ventresca*, 380 U.S. 102, 109 (1965)).

In *State v. Palmer*, 2018 ME 108, ¶ 10, 190 A.3d 1009, the Law Court stated that in the context of an OUI investigation, "[i]nformation that contributes to a finding of probable cause includes the suspect's responsibility for a motor vehicle collision and 'an admission by the driver that he had consumed alcohol.'" *Quoting Turner v. Sec'y of State*, 2011 ME 22, ¶ 11, 12 A.3d 1188. The Court further remarked that a collision that had no "apparently benign explanation," when coupled with the driver's admission that he had consumed alcohol prior to the crash, was sufficient to support a finding of probable cause.

In the court's view, this case is controlled by and is virtually on all-fours with *Palmer*. The Defendant here went off the road sometime prior to 4:00 p.m. on June 3, 2018 for no apparent reason and crashed head-on into a large tree. He was

overheard saying to rescue personnel that he had consumed a "few" drinks earlier. This information was sufficient for the issuing magistrate to conclude that there was a fair probability that the evidence being sought constituted evidence of a crime, to wit, operating under the influence.

## CONCLUSION

The entry is:

Defendant's Motion to Suppress dated October 2, 2018 is DENIED.

Dated: November 9, 2018

William R. Stokes
Justice, Superior Court

Entered on the docket 11/9/18